■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK D. FOLNS-BEE, Appellant. — Appeal from a judgment of the County Court of Chemung County (Kepner, Jr., J.), rendered May 15, 1981, convicting defendant upon his plea of guilty of the crime of burglary in the third degree. Defendant maintains that since he was represented by counsel on pending unrelated charges in the Village of Horseheads when he was interrogated by members of the Elmira Police Department, his statement was taken in violation of the right to counsel under the principle articulated in *People v Rogers* (48 NY2d 167). Following a hearing, County Court denied defendant's motion to suppress his statement, concluding that the interrogation was not custodial and that the Elmira Police had no knowledge that defendant was represented by counsel on the unrelated charges. There must be an affirmance. The holding in *Rogers* expressly applies to "a defendant in custody" (*supra,* p 169), and there is ample evidence in the record to support County Court's finding that defendant herein was not in

custody. There is nothing in the record to indicate that defendant was coerced into accompanying the investigating officers to the police station, or that he was not free to leave. On the contrary, defendant conceded that he voluntarily accompanied the police and knew that he was not under arrest. Moreover, after defendant made the incriminating statement, the officers allowed him to leave the police station, advising him that he would be arrested later. There is no basis for disturbing County Court's conclusion that defendant's statement was the product of police investigation, rather than custodial interrogation, and that the accusatory process had not yet commenced (*People v Ellis,* 83 AD2d 652). The record also supports County Court's finding that the investigating officers had no knowledge that defendant was represented by counsel. There is no proof of actual knowledge. On the contrary, the officers testified that defendant was asked whether he had any charges pending and whether he was represented by counsel, to which defendant replied in the negative. Defendant conceded that he never told the officers about the pending charges or that he was represented by counsel. As noted above, the unrelated charges were pending in the Village of Horseheads, and there is no evidence that the Elmira Police Department was involved in the investigation which resulted in those charges or that the police agency responsible for investigating those charges was involved in the investigation conducted by the Elmira Police Department which led to the questioning of defendant. Under these circumstances, there is no basis for constructively implying knowledge of defendant's representation on the pending charges to the Elmira Police (see *People v Fuschino,* 59 NY2d 91). The judgment should be affirmed. Judgment affirmed. Mahoney, P. J., Kane, Main, Casey and Mikoll, JJ., concur.