■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BANKS, Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered February 22, 1983, upon a verdict convicting defendant of the crime of rape in the first degree. ¶ Defendant was indicted and convicted after a jury trial of first degree rape. On appeal, defendant asserts that the jury verdict was against the weight of the evidence. We disagree. ¶ Since it is assumed that the jury credited the People's proof, we view the evidence in the light most favorable to the People (*People v Kennedy,* 47 NY2d 196, 203). The issue at trial was essentially one of credibility. Complainant testified that on the evening of September 22, 1982, she was walking home when defendant stopped his car and offered her a ride. She accepted, and defendant drove to an area on Creeklock Road, near the river in the Town of Rosendale, Ulster County. Along the way, defendant kept grabbing complainant's knee and refused to let her out of the car, stating his intent to rape her. When complainant resisted his advances, defendant pulled her hair and struck her over the left eye. He forced her into the back seat where they engaged in sexual intercourse against her will. Thereafter, defendant drove complainant back to the City of Kingston and threatened to kill her if she told anyone. Complainant testified that she walked to a Trailways bus station and called the police, who took her to the hospital. Defendant, who did not testify, sought to prove that

the sexual intercourse was consensual. ¶ Complainant's testimony, obviously believed by the jury, was sufficient to establish each and every element of rape in the first degree, including the element of "forcible compulsion", which, at the time of this incident, was defined as "physical force or a threat, express or implied, which force or threat places a person in fear of immediate death or serious physical injury" (Penal Law, § 130.00, subd 8, subsequently amd by L 1983, ch 449; see *People v Stoesser,* 92 AD2d 650, 651). Other factors in the record support this determination. Complainant immediately reported the attack to the police and promptly went to the hospital (see *People v Turner,* 99 AD2d 615). The police officer described complainant as crying and "holding herself in a clutch position motion; her blouse had been torn; she was dirty and soiled looking". The registered nurse described complainant as "shaking and apprehensive", and indicated that her left wrist and inside buttock were reddened. The examining physician found contusions in the left eye area and on the left hand. A laboratory analysis confirmed the presence of human spermatozoa on complainant's clothing and within her body. Significantly, defendant made an initial alibi statement that he was with his wife at the time of the attack, but did not pursue this allegation. These factors, taken together, provide ample basis for the jury's verdict. ¶ We further conclude that this is not a case in which to exercise our discretion to reverse the conviction in the interest of justice (CPL 470.15, subd 3, par [c]; cf. *People v Mitchell,* 99 AD2d 609). Despite the fact that complainant admitted she was drunk during the course of the events and that her testimony at points seemed improbable, her credibility, as well as the weight of her evidence, was properly left for the jury to resolve, and its decision should not be disturbed. ¶ Finally, we cannot agree that the court abused its discretion in relation to certain *Sandoval* rulings. Defendant's previous convictions for burglary in 1974 and criminal trespass in 1975 were not so remote or immaterial as to mandate preclusion for impeachment purposes. In fact, as the court aptly observed, these convictions demonstrated a pattern of conduct relevant to defendant's credibility in the instant trial. In our view, the court properly balanced the probative value of this impeaching material against the potential for undue prejudice (*People v Wood,* 94 AD2d 814, 815; *People v Patterson,* 88 AD2d 694, affd 59 NY2d 794). Moreover, the record indicates that defendant elected not to testify because of reasons of trial strategy rather than the court's *Sandoval* rulings. ¶ Judgment affirmed. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.