■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON SCOTT, JR., Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County (Rohl, J.), rendered April 18, 1984, convicting him of grand larceny in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress statements.

Judgment affirmed.

We concur with the finding by the suppression court that defendant's admissions were made in a noncustodial interrogation environment and, therefore, the police were not required to give defendant preinterrogation advice and warnings. Defendant voluntarily presented himself at the police station for questioning in response to a request by the police. Neither the fact that defendant was the focus of an investigation at the time he was questioned, nor the fact that the interrogation was conducted at a police station, necessarily renders the interrogation custodial *(see, Matter of Kwok T.,* 43 NY2d 213; *People v Yukl,* 25 NY2d 585, *mot to amend remittitur denied* 26 NY2d 845, *cert denied* 400 US 851; *People v Bertolo,* 65 NY2d 111), particularly where, as here, the questioning was neither threatening nor coercive, and defendant was free to leave at any time. Moreover, at the conclusion of the interrogation, although defendant was informed that he would be arrested at the police station the next morning, he was permitted to return overnight to his home in New Jersey. Accordingly, there is sufficient evidence on the record to conclude that defendant's admissions were voluntarily given under noncustodial circumstances *(see, People v Bertolo, supra)*. Gibbons, J. P., Weinstein, Eiber and Kooper, JJ., concur.