■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD CHARLES WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Murray, J.), rendered March 28, 1983, convicting him of burglary in the second degree, attempted burglary in the third degree, possession of burglar's tools, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which sought the suppression of certain statements made to law enforcement officials.

Judgment affirmed.

In ruling upon the defendant's motion at the *Huntley* hearing to suppress both the statement given to Officer Namorato and the later videotaped statement given to Assistant District Attorney Bloom, the hearing court held that the first statement should be suppressed because it was not clear, based upon the testimony adduced by the People, that the defendant received a complete set of *Miranda* warnings, or that he knowingly waived all his *Miranda* rights. However, the court held that the subsequent videotaped statement should not be suppressed because of the full administration of *Miranda* rights to the defendant and his subsequent waiver of all his rights. Implicit in the hearing court's ruling was its rejection

of the defendant's version of what happened in the station house prior to and during the defendant's giving of those statements. Clearly, Criminal Term did not find the defendant's version of events credible. Issues of credibility are primarily for the hearing court and its findings should be upheld unless clearly erroneous (see, People v Armstead, 98 AD2d 726; People v Vail, 90 AD2d 917, 918). We uphold the hearing court's findings as to credibility.

In those cases where Miranda warnings fail to precede the subjection of a defendant to questioning, supplying those warnings later is too late unless there is such a definite, pronounced break in the questioning that the defendant may be said to have returned, in effect, to the status of one who is not under the influence of questioning (see, People v Chapple, 38 NY2d 112, 115; People v Newson, 68 AD2d 377, 391). On the facts of this case, we find such a break in the questioning of the defendant and rule that the admission of his videotaped confession into evidence was proper.

The defendant next objects to the effect that the stricken testimony of Officer Namorato (as to a pretrial showup) had upon his trial, even though Criminal Term issued an immediate curative instruction to the jury. We note that the showup was merely confirmatory and in any event, the issuance of prompt curative instructions to the jury dispelled any possible prejudicial effect upon the trial (see, People v Santiago, 52 NY2d 865, 866; People v Onofrietti, 109 AD2d 896, 897).

We find the defendant's other objections to be unpreserved for review, and in any event, without merit. Mollen, P. J., Lazer, Kunzeman and Kooper, JJ., concur.