(January 15, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. GOODRICH, Appellant.—Casey J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered March 11, 1985, upon a verdict convicting defendant of the crimes of burglary in the second degree and petit larceny.

In support of his argument that County Court erred in denying his motion to suppress oral and written statements, defendant claims that the testimony of the investigating officer contained discrepancies, inconsistencies and omissions, and that the People therefore failed to carry their burden of proof beyond a reasonable doubt. The alleged defects in the officer's testimony created an issue of credibility. Such an issue is primarily for the hearing court and its findings should not be disturbed unless clearly erroneous *(People v Williams,* 118 AD2d 672, 673; *see, People v Prochilo,* 41 NY2d 759, 761; *People v Putland,* 105 AD2d 199, 206).

The officer's testimony was neither incredible as a matter of law nor patently tailored to avoid constitutional objections *(see, People v Henriquez,* 116 AD2d 589). County Court's finding that defendant voluntarily accompanied the police to the

station and that he was free to leave at any time before making the oral admission is supported by the evidence *(see, People v Rhodes,* 111 AD2d 194; *People v Folnsbee,* 96 AD2d 623)*. Under the objective test for determining whether a defendant is in custody *(see, People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851), we see no error in County Court's refusal to suppress defendant's oral statement made prior to his arrest and before he received the *Miranda* warnings *(see, Oregon v Mathiason,* 429 US 492). That defendant was the focus of an investigation at the time he was questioned and was interrogated at a police station does not necessarily render the interrogation custodial *(see, People v Scott,* 116 AD2d 755; *see also, People v Baird,* 111 AD2d 1044, 1045). Even if we were to find that defendant was in custody prior to his arrest, the failure to give *Miranda* warnings at that time would not necessarily taint defendant's subsequent written statement given after his arrest and after he had been informed of the *Miranda* rights *(see, People v Tirado,* 117 AD2d 874, 876).

We next find no abuse of discretion in County Court's *Sandoval* ruling *(see, People v Pavao,* 59 NY2d 282, 292; *People v Banks,* 101 AD2d 928, 929). Lastly, reversal is not required due to alleged prosecutorial misconduct in the cross-examination of defendant *(see, People v Demming,* 116 AD2d 886, 887) or in the summation *(see, People v Lum,* 102 AD2d 992). The judgment of conviction should be affirmed.

Judgment affirmed. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.