(March 5, 1987)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY JAY SARGEANT, Appellant.—Main, J. Appeal from a judgment of the County Court of Greene County (Battisti, Jr., J.), rendered February 28, 1984, upon a verdict convicting defendant of the crimes of attempted rape in the first degree and sexual abuse in the first degree.

Defendant was indicted for and convicted of attempted rape in the first degree and sexual abuse in the first degree in February 1984. On this appeal, he contends that County Court erred in refusing to suppress a shoelace with a pen attached to each end which was found in his mother's car during execution of a search warrant because the shoelace was not specified in the search warrant. The record reveals that the complainant, a 15-year-old girl, stated in her affidavit in support of the warrant application that, while she was in that car, defendant placed "a piece of rope like bailing *[sic]* twine" around her neck. The search warrant, however, authorized a search for, *inter alia,* baling twine. It is defendant's contention that since the warrant specified baling twine, the shoelace could not be seized.

We disagree. The Federal and State Constitutions do require particularity of description of the items to be seized pursuant to a search warrant. However, this requirement is satisfied where "the descriptions in the warrant and its supporting affidavits [are] sufficiently definite to enable the searcher to identify the * * * things that the Magistrate has * * * determined should be searched or seized" *(People v Nieves,* 36 NY2d 396, 401). Here, while the warrant itself described the item as baling twine, the supporting affidavit described the item as "rope like" baling twine. It seems clear from the affidavit that what was being identified was an item that could be used to choke a person, and we believe that the description of the item given was sufficient to justify seizure of the shoelace under the warrant.

Defendant next asserts that the People failed to prove his guilt of attempted rape in the first degree beyond a reasonable doubt because they failed to establish the existence of the element of forcible compulsion *(see,* Penal Law §§ 110.00,

130.35). At the time of the incident herein, forcible compulsion was defined as "physical force or a threat, express or implied, which force or threat places a person in fear of immediate death or serious physical injury" (Penal Law former § 130.00 [8]; *see,* L 1982, ch 560). Viewing the evidence in the light most favorable to the People *(see, People v Kennedy,* 47 NY2d 196, 203), we find the element of forcible compulsion to have been met. Initially, we note that the fact the complainant did not resist defendant is of little import in this determination, since the above definition of forcible compulsion specifically eliminated the requirement that the victim of a sexual attack offer earnest resistance to her attacker *(see,* Hechtman, 1982 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 130.00 [1987 Supp Pamph], at 514). Moreover, the complainant's testimony, credited by the jury, was sufficient to establish forcible compulsion *(cf., People v Banks,* 101 AD2d 928). This testimony was buttressed by other evidence, namely, the shoelace which the complainant testified defendant placed around her neck and her ripped blouse. Under the circumstances presented here, the evidence establishes that defendant used physical force on the complainant which placed her in fear of at least serious physical injury.

Finally, defendant assigns as error County Court's refusal to adjourn defendant's sentencing in order to permit defense counsel to make a motion concerning the exclusion of a juror who allegedly was excludable for cause. According to defense counsel, he learned, after the jury returned its verdict, that one of the jurors was the complainant's first cousin once removed. Although such a person is excludable from a jury for cause *(see,* CPL 270.20 [1] [c]), we find no error in County Court's refusal to adjourn sentencing. Initially, we note that defense counsel had an opportunity during voir dire to question the jurors on any relationship to the complainant *(cf., People v O'Keefe,* 281 App Div 409, 413, *affd* 306 NY 619). Further, challenges for cause are to be made at the earliest possible time *(People v Ellis,* 54 AD2d 1052), and defense counsel did not bring the matter to County Court's attention until the time for sentencing, although he apparently knew of it prior to that time. In this case, the objection to the juror could be deemed waived, and County Court did not err in refusing to adjourn the sentencing.

Judgment affirmed. Mahoney, P. J., Kane, Main, Weiss and Mikoll, JJ., concur.