■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY KING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Zweibel, J.), rendered November 9, 1987, convicting him of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree (two counts), assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the negative findings with respect to the presence of seminal fluid do not raise a reasonable doubt as to his guilt of the crimes charged (see, People v Gebert, 118 AD2d 799, 802; People v Kinnard, 98 AD2d 845, affd 62 NY2d 910).

The defendant's claim that the complainant's testimony was not sufficiently corroborated is also without merit. There is no statutory requirement for corroboration of the crimes of rape, sodomy or sexual abuse when predicated, as here, upon allegations of forcible compulsion. Corroboration is required only in sexual offense cases in which the victim is incapable of consent because of mental defect or incapacity (see, Penal Law § 130.16; see also, People v Bianchi, 55 AD2d 993; People v Sargeant, 128 AD2d 914; Richardson, Evidence § 292 [Prince 10th ed, 1972-1985 Cum Supp]). In any event, the record reveals several factors which support the complainant's testimony: (1) a tenant in the building where the attack took place testified that she heard the complainant's pleas for assistance

prompting her to summon the police, (2) two police officers testified that immediately upon their discovery of the complainant and the defendant in the basement of the building, the complainant stated that she had just been raped, (3) the police officers also discovered blood on the floor of the basement where the assault occurred and recovered several items with which the complainant had been assaulted, and (4) the complainant's bodysuit, which was admitted into evidence, was torn in the crotch.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's right to a fair trial was not compromised by the complainant's testimony regarding the statements made by the defendant during the course of the attack to the effect that he was a "rapist" and a "murderer", that he had been incarcerated for 12 years for raping another woman, and that he would "kill" the complainant unless she followed his instructions. The testimony was probative on the issue of "forcible compulsion" and therefore, was properly admitted (see, People v DeLeon, 135 AD2d 555). In any event, any potential for prejudice was allayed by the court's limiting instructions with respect to that testimony (see, People v Berg, 59 NY2d 294).

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Rubin, Rosenblatt and Miller, JJ., concur.