■ The People of the State of New York, Respondent, v Eric Walton, Appellant.—Casey, J. P. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered November 4, 1988, upon a verdict convicting defendant of the crime of rape in the first degree.

Defendant accosted complainant as she was walking home alone some time after 3:00 A.M. on April 7, 1988. Earlier, complainant had gone to the movies, visited with some friends at her cousin's home and had walked within a few blocks of her home in the company of her current boyfriend. After her boyfriend left, she was proceeding along the street when she saw defendant, whom she did not then recognize, although she later identified him as an acquaintance of her ex-boyfriend. Although complainant crossed the street to avoid any confrontation, defendant also crossed the street, grabbed complainant and dragged her down the street. Complainant struggled, but defendant allegedly threatened her with the words "[i]f you scream, I'm going to blow your head off". According to complainant, a completed act of sexual intercourse occurred. Defendant's later request to walk complainant the rest of the way home was refused, and defendant allegedly took five dollars from complainant's pocket and left the scene. After waiting for a time, complainant met two acquaintances from the neighborhood who summoned help. A subsequent physical

examination of complainant revealed that she had engaged in sexual intercourse within 6 to 12 hours before the examination and was emotionally upset, although she sustained no physical bruises.

Defendant was indicted for rape in the first degree and robbery in the third degree. Following a jury trial, he was convicted of rape in the first degree only and was sentenced to an indeterminate term of imprisonment of 5 to 15 years.

On this appeal, defendant initially claims that the verdict was against the weight of the trial evidence and that the evidence was legally insufficient to support the verdict. Although defendant did not testify, he concedes the sexual intercourse and disputes only that any force was used, claiming the intercourse was consensual. Based on the trial evidence outlined above, which must now be viewed in a light most favorable to the People (see, People v Smith, 105 AD2d 981), we believe that a valid line of reasoning and permissible inferences to be drawn from the evidence would lead a rational person to conclude, as did the jury, that the People's burden in regard to all the elements of the crime charged was satisfied. The only disputed issue was the force or lack thereof that was employed. The jury believed that in the circumstances defendant's threats to "blow [complainant's] head off" if she did not submit, as well as his dragging her down the street and between two houses in the early morning hours when no help was available, was sufficient to constitute forcible compulsion even though complainant had not been bruised or battered. The jury gave the evidence offered by complainant a degree of weight sufficient to sustain the verdict. By crediting the testimony of complainant, the weight of the trial evidence in favor of the prosecution was sufficiently established as to all the essential elements of the crime (see, People v Bleakley, 69 NY2d 490, 495). Defendant's claim of consent by complainant presented only a credibility issue that was resolved against him by the jury. The verdict should, therefore, be sustained.

In respect to the sentence imposed, defendant's prior record in New York and Michigan and his callous indifference to the rights of this complainant stamp the sentence imposed as appropriate. The judgment of conviction should be affirmed.

Judgment affirmed. Casey, J. P., Weiss, Mercure, Crew III and Harvey, JJ., concur.