■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO CEBALLOS, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Sullivan County (Vogt, J.), rendered December 5, 1988, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

The sole contention raised by defendant on this appeal is that County Court erred in denying his motion to suppress evidence seized as the result of an allegedly impermissible stop of his vehicle. We disagree. Police Officers Bart Rasnick and John Calvello each testified at the hearing on the motion that, prior to stopping defendant's vehicle, they caused a computer check to be made of defendant's license plate number and of the registered owner of the vehicle, the response indicated that the New York driving privileges of the owner had been suspended and it was for this reason that the vehicle was stopped. This testimony, credited by County Court, provided an adequate factual basis for its determination that the officers reasonably suspected that defendant violated Vehicle and Traffic Law § 511 (1), a permissible basis for the stop of defendant's vehicle (see, People v Ingle, 36 NY2d 413, 414). Evidence of an alternative ground for the stop and inconsistencies in Calvello's testimony merely created an issue of credibility for County Court, whose findings should not be disturbed unless clearly erroneous (see, People v Rivera, 68 NY2d 786; People v Goodrich, 126 AD2d 835, lv denied 69 NY2d 880). "This is not a case where testimony is so flawed that findings as to a witness's credibility made from the unique perspective of the trier of fact must be overridden" (People v Rivera, supra, at 788 [citations omitted]).

Mikoll, J. P., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the judgment is affirmed.