■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD F. COOK, Appellant.—Yesawich Jr., J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered August 2, 1991, upon a verdict convicting defendant of the crime of rape in the first degree.

Defendant contends that his conviction was against the weight of the evidence, that the prosecutor's summation deprived him of a fair trial and that the sentence imposed, an indeterminate prison term of 12½ to 25 years, was unduly harsh and excessive.

According to the victim, on the morning of October 24, 1990, as she was returning from grocery shopping, she was approached by defendant, who called her name and asked if she was looking for furniture. Being interested in purchasing

furniture at the time, and although apprehensive about doing so, she accompanied him to an apartment to look at the furniture. While there, as she was passing through the bedroom on her way to the kitchen, defendant grabbed her from behind, pulled her to the mattress, held her in place while he removed her pantyhose and panties and had intercourse with her, ejaculating in her vagina. The victim, who was eight months pregnant at the time, protested but admits not having screamed nor struggled violently, allegedly because defendant was completely or partially on her stomach and she feared her unborn child would be injured if she did so.

After the incident, the victim was allowed to get dressed and leave. She ran down the street, eventually arriving at her aunt's house, and told her cousin that she had been raped; the cousin then called the police, and the victim was taken to the emergency room of the local hospital where she was examined. No signs of physical injury were found and only nonmotile sperm were found in her vagina.

At trial, the victim testified to all of the above, and additional testimony was furnished by the taxicab driver who had driven the victim and defendant to the apartment, the cousin and emergency room personnel. Two of defendant's acquaintances also testified as to their own encounters with him and how he came to be staying at the apartment where the alleged assault took place. Defendant did not testify, nor were any witnesses presented to support his trial counsel's argument that the alleged sexual intercourse had been consensual.

The evidence, viewed in the light most favorable to the People, amply supports the conclusion that there was forcible compulsion and no consent. Neither physical injury, nor screaming or crying out, is a necessary component of first degree rape *(People v Gonzalez,* 136 AD2d 735, *lv denied* 71 NY2d 896). Indeed, a threat, either express or implied, which places a person in fear of physical injury is enough to constitute forcible compulsion (Penal Law § 130.00 [8]). When the victim's testimony is credited, it fully justifies a finding that defendant pushed or pulled her down, restrained her arms, removed her clothing and laid on top of her preventing her escape. Given the victim's size and physical condition, this use of force is sufficient to warrant a finding of forcible compulsion *(see, People v Gregory ZZ.,* 134 AD2d 814, 816-817, *lv denied* 71 NY2d 905). It is also readily inferable from the victim's testimony that she believed that defendant's weight and movement were such that further struggling would cause

harm to her unborn child, or that defendant would harm her if she resisted.

Whether the victim consented simply presented a credibility issue that was resolved by the jury in her favor *(see, People v Walton,* 171 AD2d 954, 955). Furthermore, the fact that she was crying and visibly distraught after the incident, as attested to by the victim and corroborated by the testimony of her cousin and the emergency room physician and nurses, lends additional force to her claim that she did not consent *(see, People v Gregory ZZ., supra,* at 816). The foregoing, coupled with the fact that we are unpersuaded by defendant's contention that the events as described by the victim were physically impossible, leads us to conclude that the verdict is supported by the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

Nor are we persuaded that certain challenged statements made by the prosecutor during the course of his summation were inappropriate and deprived defendant of a fair trial. As to those comments, which the prosecutor acknowledged and County Court found to be "borderline", namely the prosecutor's urging the jurors not to fall into the "trap" apparently of believing that because "defendant pleaded not guilty, therefore, there must be something more here than meets the eye" and the prosecutor's characterization of defense counsel's comments in summation as "insulting * * * to probably thousands of women in this country who have been raped", the court gave the jury adequate curative instructions which neutralized their adverse effect. The other statements assailed by defendant represented, in our view, nothing more than a fair comment on the evidence or were unobjected to and hence unpreserved for review.

Regarding the sentence imposed, it is defendant's contention that because he was offered a sentence of 6 to 12 years in exchange for a guilty plea, but eventually given a 12½ to 25-year sentence after trial, he was unfairly punished for exercising his right to a trial. A review of the record discloses no vindictiveness on the part of County Court in arriving at the sentence *(cf., People v Cox,* 122 AD2d 487, 489). Furthermore, in view of defendant's extensive criminal record, and the fact that he is a second violent felony offender, the sentence imposed was not inappropriate.

Weiss, P. J., Mikoll, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed.