■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS VASQUEZ, Appellant. [597 NYS2d 452] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered May 31, 1991, convicting him of sodomy in the first degree (two counts), sodomy in the second degree (two counts), and endangering the welfare of a child under Indictment No. 166/91, after a nonjury trial, (2) a judgment of the same court, rendered June 5, 1991, convicting him of sodomy in the first degree under Indictment No. 1189/ 91, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's argument that the evidence was legally insufficient to support his conviction under Indictment No. 166/91 is not preserved for appellate review (see, People v Udzinski, 146 AD2d 245, 250). In any event, viewing the evidence adduced at trial in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The testimony of the complainants, both of whom were under the age of 14, established that the defendant committed acts of forcible sodomy upon them. There is no statutory requirement of corroboration to establish the crime of rape, sodomy, or sexual abuse when such crimes are predicated upon allegations of forcible compulsion (see, People v King, 162 AD2d 473; Penal Law § 130.16). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

In light of the above determination, there is no basis for vacatur of the plea under Indictment No. 1189/91 (see, People v Clark, 45 NY2d 432). Mangano, P. J., Thompson, Balletta and Joy, JJ., concur.