■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KOJO ARHIN, Appellant. [609 NYS2d 604] —Judgment, Supreme Court, Bronx County (Ivan Warner, J.), rendered July 16, 1992, convicting defendant, after a jury trial, of two counts of rape in the first degree, unlawful imprisonment in the first degree and criminal possession of a weapon in the fourth degree, and sentencing him to concurrent terms of 5 to 15 years on the first two counts and 1 year on the latter two counts, unanimously affirmed.

In the early morning hours of July 3, 1991, the defendant brutally raped his wife when she refused his demands for sexual intercourse because she was five months pregnant and had previously miscarried. He thereafter threatened her with a knife when she asked to go to the hospital because there was blood on her vagina, and barricaded her inside her bedroom until he left for work later that day.

Defendant's guilt was proved beyond a reasonable doubt. While the narrative of the attack was elicited from the complainant in large measure by leading questions, that was permissible and within the trial court's discretion given the complainant's reluctance to testify (Richardson, Evidence § 483 [Prince 10th ed]). In addition, there was testimony of a hospital gynecologist that the complainant was "visibly shaken and very upset," and blood was found on the complainant's torn panties. Although no laceration was found on the complainant and the "rape kit" test discovered no evidence of spermatozoa, medical corroboration is not required to support a conviction for rape by forcible compulsion *(People v King,* 162 AD2d 473, *lv denied* 76 NY2d 859).

Defendant's contention that his right to be present was violated by the side-bar questioning of prospective jurors in

his absence is unpreserved, the record being inadequate to show that defendant actually was not present and, in any event, does not warrant reversal. The questioning here concerned the prospective jurors' ability to be objective and impartial, i.e., their "general bias or hostility" (People v Mitchell, 80 NY2d 519, 529), as opposed to their knowledge of the specific facts of the case (e.g., People v Sloan, 79 NY2d 386), and thus defendant's constitutional right to be present was not implicated.

Defendant's argument that it was error for the court to have precluded cross examination of the complainant with respect to her having been held in contempt for initially refusing to testify, and the People's securing her testimony by a material witness order, is without merit. We note in this regard that the complainant repeatedly refused to answer questions on direct examination and repeatedly declared her unwillingness to testify, while the jury was present. The jury also heard that she was brought to court as a material witness and had been assigned an attorney, and that her unwillingness to testify was connected to her having "received word that people back in Ghana [where complainant and defendant were married] did not want to have you testify here today." Thus the jury had all the information it needed respecting the complainant's unwillingness to testify.

The details of complainant's having been held in contempt were not pertinent to any issue in the case, and in any event were merely cumulative to her obvious and repeated reluctance to answer questions. "It is well established that the trial courts have broad discretion to keep the proceedings within manageable limits and to curtail exploration of collateral matters" (People v Hudy, 73 NY2d 40, 56; see, People v Schwartzman, 24 NY2d 241, 244, rearg denied 24 NY2d 916, cert denied 396 US 846). We find no abuse of discretion by the trial court in this regard. The complainant's reluctance to testify does not suggest any motive to fabricate evidence against defendant, or any bias against him. Rather, her reluctance to testify suggested that she wished to minimize her testimony against the defendant, i.e., any bias in her testimony was against the prosecution's interests, not the defendant's.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Nardelli, JJ.