■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE MAGEE, Appellant. [617 NYS2d 227] —Yesawich Jr., J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered May 7, 1992, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, burglary in the second degree, robbery in the third degree and criminal possession of stolen property in the fifth degree.

Evidence adduced at trial established that early on the morning of August 20, 1991, a young woman (hereinafter the

---

victim) was approached outside a nightclub in the City of Ithaca, Tompkins County, by a young man who introduced himself as "Duane". This same man followed her to a local hotel at which she was staying, forced his way into her room, demanded that she turn over two of her rings and some currency, forcibly raped and sodomized her, and then left.

The victim reported the incident to the front desk of the hotel, and the police were summoned. Police Officer Donald Barker testified that when he arrived at the scene, the victim described the perpetrator as a young black man, approximately five feet, nine inches tall, wearing multicolored striped pants, a denim jean jacket, and a hat. After proceeding to the general vicinity in which another officer had reported having seen a person who matched the description given by the victim, which had been transmitted over the police radio, and while interviewing several people found there, Barker saw a man matching the description, but without a hat. Upon questioning, the man told Barker that his name was Tyrone Dean, and that he was returning from a friend's house. Barker did not detain "Dean"—later identified as defendant—but arranged for another officer to bring the victim to the area for a possible identification. When she saw him, the victim confirmed that defendant was the man who had raped her, and he was placed under arrest. At the station house, defendant was searched, and a ring, later identified as one taken from the victim, was found in his pocket.

Convicted of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, burglary in the second degree, robbery in the third degree and criminal possession of stolen property in the fifth degree, and sentenced to a total of 12 to 24 years' imprisonment, defendant appeals.

There is no force to defendant's claim that the evidence presented at trial furnished an insufficient basis for the verdict rendered or alternatively, that even if the proof against him is legally sufficient, that the totality of the evidence, when properly weighed, does not warrant conviction. The former contention is patently meritless for it is grounded on the incorrect assumption that the victim's testimony required corroboration; corroboration is not necessary to support a conviction of forcible rape or sodomy (see, People v Vasquez, 193 AD2d 638, lv denied 82 NY2d 728). Nor do we find the verdict to be against the weight of the evidence. The record furnishes no legitimate basis for doubting the victim's credibility, and her testimony, coupled with the fact that her property

was found in defendant's possession within an hour of the attack, manifests a strong indication of his guilt.

Equally untenable are defendant's arguments that the showup identification procedure employed by the officers was unduly suggestive, or that the ring, the discovery of which was the product of an assertedly illegal search, should have been suppressed. Regarding the purported suggestiveness of the showup, it suffices that this issue was not preserved for review; moreover, there is nothing to indicate that the identification, which occurred within a short period of time after the attack and within a few blocks of the crime scene, was unduly suggestive (see, People v Duuvon, 77 NY2d 541, 544; People v White, 185 AD2d 472, 473, lv denied 80 NY2d 935). Notably, the suspect was not accompanied by police officers or codefendants, or restrained in any way, and the victim's perceptions were not subject to reinforcement by other witnesses identifying the same person (see, People v Riley, 70 NY2d 523, 529-530). As for the search of defendant's person, during which the victim's ring was uncovered, that was in no way improper, as it was incident to a lawful arrest, for which probable cause was established by the victim's prompt positive identification.

Defendant also insists that County Court erred in denying him an opportunity to show that inadequate jury selection methods in Tompkins County resulted in underrepresentation of minorities on the jury panel, thus depriving him of a fair trial. Though given an opportunity to establish his claim at a hearing, defendant produced no concrete evidence to support his assertion (see, People v Bessard, 148 AD2d 49, 51, lv denied 74 NY2d 845). Simply put, "bare conclusions, concerning an alleged discriminatory process of panel selection" are not enough to support a challenge of this nature (supra, at 51).

To the extent that defendant addresses, in his brief, issues—among them a Rosario claim—that were first raised in his posttrial motion to vacate the conviction, as no permission has been sought or granted to appeal the denial of that motion, review thereof in this Court is foreclosed (see, CPL 450.15; People v Brinson, 177 AD2d 1019, 1020, lv denied 79 NY2d 998; People v Harris, 107 AD2d 761, 762). The other issues raised by defendant have been considered and been found to be without merit.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the judgment is affirmed.