■ In the Matter of DAKOTA EE., a Person Alleged to be a Juvenile Delinquent, Appellant. WASHINGTON COUNTY ATTORNEY, Respondent. [618 NYS2d 133] —Casey, J. Appeal from an order of the Family Court of Washington County (Hemmett, Jr., J.), entered December 21, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent, who was found guilty of committing acts which, if committed by an adult, would constitute the crimes of rape in the first degree, sodomy in the first degree and incest, contends that there was insufficient evidence to support the finding of forcible compulsion, which was based solely upon the victim's testimony, and that the finding was against the weight of the evidence. Corroboration is not required to establish rape, sodomy or sexual abuse based upon allegations of forcible compulsion *(see, People v Agard,* 199 AD2d 401, 402, *lv denied* 83 NY2d 868; *People v Vasquez,* 193 AD2d 638, *lv denied* 82 NY2d 728). Nor is physical injury, screaming or crying out a necessary component of first degree rape *(People v Cook,* 186 AD2d 879, 880, *lv denied* 81 NY2d 761). Forcible

compulsion can be inferred from the facts leading up to the rape or sodomy *(People v Gonzalez,* 136 AD2d 735, *lv denied* 71 NY2d 896). "[A] threat, either express or implied, which places a person in fear of physical injury is enough to constitute forcible compulsion" *(People v Cook, supra,* at 880), and "[t]he proper focus is on the state of mind produced in the victim by the defendant's conduct" *(People v Thompson,* 72 NY2d 410, 416).

The victim testified that respondent removed her clothing, put her in a closet, had intercourse with her and put his penis in her mouth. She explained that she did not consent and that he forced her, placing his hand over her mouth so that she would not scream. She added that she was frightened to death. The victim's testimony that she did not consent to respondent's acts but submitted because of his domination of her and her fear is sufficient to satisfy the element of forcible compulsion *(see, People v Wilson,* 192 AD2 782; *People v LaRocco,* 167 AD2d 557; *People v Smolen,* 166 AD2d 248, *lv denied* 77 NY2d 844). As to the weight of the evidence, we note that there was nothing in the victim's testimony which rendered her testimony incredible as a matter of law *(see, People v Attanasio,* 191 AD2d 447, *lv denied* 81 NY2d 967). In this juvenile delinquency proceeding, it was for the court, as the sole trier of fact, to determine the credibility of witnesses and to resolve disputed questions of fact *(Matter of Michael D.,* 109 AD2d 633, 634, *affd on mem below* 66 NY2d 843). Our review of the record provides no basis to disturb Family Court's determination, implicit in its finding that the allegations of the petition had been sustained, to credit the testimony of the victim over that of respondent and other witnesses *(see, People v Walker,* 175 AD2d 146, 147, *lv denied* 78 NY2d 1131). We conclude that Family Court's determination is supported by legally sufficient evidence and is not against the weight of the evidence *(see, People v O'Donnell,* 138 AD2d 896, *lv denied* 72 NY2d 864).

Respondent next contends that reversible error occurred when Family Court issued a bench decision at the end of the fact-finding hearing and entered a combined order of fact-finding and disposition after the dispositional hearing. In the absence of any prejudice or suggestion of significant prejudice to respondent, we conclude that Family Court's substantial compliance with the requirements of Family Court Act § 345.1 (1) was sufficient *(cf., Matter of Emilio M.,* 37 NY2d 173, 175). We also find no error in Family Court's decision to preclude evidence of the victim's sexual conduct which had no bearing

on respondent's guilt *(see,* Family Ct Act § 344.4; *People v Smith,* 192 AD2d 806, 808, *lv denied* 81 NY2d 1080). The order should be affirmed.

Cardona, P. J., Mikoll, Mercure and White, JJ., concur. Ordered that the order is affirmed, without costs.