■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE BROWN, Appellant. [637 NYS2d 197] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered November 22, 1993, convicting him of attempted robbery in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

While it was error to have admitted, over timely and specific objection, the arresting officer's testimony, which minimally bolstered the identification testimony of two eyewitnesses (see, People v Trowbridge, 305 NY 471), the error was harmless. In light of the strong identification testimony adduced at trial, there was no significant probability that absent the bolstering testimony the defendant would have been acquitted (see, People v Johnson, 57 NY2d 969).

The defendant failed to show that he was prejudiced by the

delay in the People's disclosure of two police officers' memo-books, the contents of which were consistent with the police reports already in the defendant's possession at the commencement of trial (*see, People v Ranghelle,* 69 NY2d 56).

Contrary to the defendant's contention, the lineup and the photographic arrays were not unduly suggestive (*see, People v Chipp,* 75 NY2d 327, 335, *cert denied* 498 US 833). There is no requirement that the defendant must be surrounded by persons nearly identical to him in appearance (*see, People v Brito,* 179 AD2d 666).

Moreover, the evidence of the defendant's prior uncharged crime in which he robbed another person immediately prior to attempting to rob the victim was properly admitted since it was "inextricably interwoven" with the events which led up to the defendant's arrest, and it was necessary to complete the narrative of the crime (*see, People v Vails,* 43 NY2d 364; *see also, People v Gines,* 36 NY2d 932).

The defendant's remaining contentions are either unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245) or without merit. Balletta, J. P., Miller, O'Brien and Sullivan, JJ., concur.