(July 29, 1999)

■ · THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD W. SOULIA, Appellant. [695 NYS2d 179] —Spain, J. Ap-

peal from a judgment of the County Court of St. Lawrence County (Sheridan, J.), rendered June 29, 1998, upon a verdict convicting defendant of the crimes of sodomy in the first degree (eight counts), incest (eight counts), sexual abuse in the first degree (four counts), and sodomy in the second degree (eight counts).

Following a trial, a jury found defendant guilty of two counts of sexual abuse in the first degree (Penal Law § 130.65 [1], [3]), and eight counts each of sodomy in the first degree (Penal Law § 130.50 [1]), sodomy in the second degree (Penal Law § 130.45) and incest (Penal Law § 255.25). These convictions were based upon the testimony of defendant's daughter that, in November or December 1992, when she was under age 11, defendant forcibly subjected her to sexual contact in their rented home. The daughter also testified that from November 1993 to June 27, 1994, while she was 13 years old, defendant forcibly engaged in anal intercourse with her at least once per week, and sometimes more frequently. Defendant was also convicted of two counts of sexual abuse in the first degree (Penal Law § 130.65 [3])* related to the abuse of his son, born in April 1989, who testified that in July or August 1996 and again in September 1996, when he was under age eleven, defendant subjected him to sexual contact. Both victims testified that defendant threatened to harm them if they told anyone about the abuse.

At the time of the alleged acts, defendant resided with the victims. Defendant ceased living with his family in October 1996 and his wife thereafter filed for custody of their children and commenced divorce proceedings. Defendant testified on his own behalf denying the allegations, essentially attributing them to the mother's influence on the children. Upon his convictions for crimes relating to his daughter, defendant was sentenced to concurrent terms of imprisonment the maximum of which is 12½ to 25 years, which are to run consecutively to the 3½ to 7-year concurrent sentences of imprisonment imposed for defendant's convictions of sexual abuse in the first degree related to his son. Defendant now appeals.

We affirm in all respects. Defendant initially contends that the evidence presented at trial was legally insufficient to establish his guilt and that the verdict was not supported by the weight of the evidence, emphasizing the absence of medical or physical evidence corroborating the children's allegations, and challenging the witnesses' credibility and discrepancies in their

---

* Defendant was tried on two indictments, consolidated for trial pursuant to CPL 200.20 (4).

testimony. The People contend that defendant failed to preserve a challenge to the sufficiency of the evidence, which challenge is in any event meritless. At the close of proof, defense counsel unsuccessfully moved for a trial order of dismissal, arguing that the People had not proved all of the elements of the offenses charged. The transcript of that motion reveals that defense counsel specifically referred to certain purported deficiencies in the People's evidence which preserved these claims for appellate review, but that other deficiencies are being raised for the first time on appeal and are thus unpreserved for our review (*see*, CPL 470.05 [2]; *People v Williams*, 247 AD2d 416, 417, *lv denied* 91 NY2d 1014; *see also*, *People v Colavito*, 70 NY2d 996; *People v Bynum*, 70 NY2d 858). In reviewing defendant's preserved contentions regarding the sufficiency of the People's evidence, we deem it appropriate also to review defendant's unpreserved contentions as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

Viewing the trial evidence in the light most favorable to the People, as we must when reviewing the legal sufficiency of the evidence, and crediting their witnesses, we determine that there is a valid line of reasoning and there are permissible inferences supporting the jury's verdict of guilty beyond a reasonable doubt on the essential elements of every count on which defendant was convicted (*see*, *People v Bleakley*, 69 NY2d 490, 495; *People v Contes*, 60 NY2d 620). The daughter's testimony supported the jury's finding that defendant forcibly subjected her to sexual contact and deviate sexual intercourse (*see*, Penal Law § 130.65 [1]; § 130.50 [1]); that defendant subjected her to deviate sexual intercourse, knowing she was his daughter (*see*, Penal Law § 255.25), when she was less than 14 years old (*see*, Penal Law § 130.45), and to sexual contact when she was less than 11 years old (*see*, Penal Law § 130.65 [3]), all within time periods charged in the indictments. The son's testimony established that, on two occasions, defendant subjected him to sexual contact prior to the age of 11 (*see*, Penal Law § 130.65 [3]). The daughter testified to express and implied threats by defendant and his use of physical force sufficient to constitute "forcible compulsion" (Penal Law § 130.00 [8]; *People v Cook*, 186 AD2d 879, 880-881, *lv denied* 81 NY2d 761; *see also*, *People v Thompson*, 72 NY2d 410, 416; *Matter of Dakota EE.*, 209 AD2d 782).

Notably, the familial relationship between defendant and the daughter was established by the mother and son's testimony, and by defendant's own testimony, and no other corroborative evidence was needed for the incest counts (*see*, Penal Law

§ 255.30 [2]; *People v Jones*, 133 AD2d 972, 973, *lv denied* 70 NY2d 956; *People v Bell*, 116 AD2d 847; *People v Vernum*, 28 AD2d 946). Further, there is no statutory requirement of corroboration for sexual abuse crimes predicated upon forcible compulsion (*see*, Penal Law § 130.50 [1]; § 130.65 [1]; *see also*, *Matter of Dakota EE.*, *supra*, at 782-783; *People v King*, 162 AD2d 473, *lv denied* 76 NY2d 859; *People v Taylor*, 124 AD2d 1002, *lv denied* 69 NY2d 834; *People v Dickson*, 112 AD2d 312) and, since 1984, corroboration is no longer required on the remaining counts of sexual abuse and sodomy defined in part by the age of the victim (*see*, Penal Law §§ 130.16, 130.65 [3]; § 130.45; *cf.*, Penal Law former § 130.16; *see also*, *People v Bolden*, 194 AD2d 834, 835, *lv denied* 82 NY2d 714; *People v Price*, 149 AD2d 754, *lv denied* 74 NY2d 667; *People v Jones*, 133 AD2d 972, 973, *lv denied* 70 NY2d 956, *supra*; *People v Saddlemire*, 121 AD2d 791, *lv denied* 68 NY2d 917; *People v Spearman*, 128 Misc 2d 112; 8 Zett, NY Crim Prac § 70.7 [1] [b]). Corroboration is required only in sexual offense cases in which the victim is incapable of consent because of mental defect or mental incapacity, not an issue here (*see*, Penal Law § 130.16; *see also*, *People v Pumarejo*, 222 AD2d 616; *People v King*, *supra*). Further, after questioning, County Court determined that the son, who was just short of nine years old at the time of trial, understood the nature of the oath and defendant does not challenge the testimonial capacity of either child (*see*, CPL 60.20). Thus, the People adduced legally sufficient evidence at trial to support defendant's convictions.

Moreover, reviewing the evidence in a neutral light, and according great deference to the jury's opportunity to view the witnesses, to hear the testimony of the children, their mother and defendant, and to observe their demeanor and assess their credibility, and weighing the relative probative force of the conflicting testimony and the relative strength of the conflicting inferences to be drawn from the testimony, we are satisfied that the verdict of guilt was supported by the weight of the evidence (*see*, *People v Bleakley*, 69 NY2d 490, 495, *supra*; *People ex rel. MacCracken v Miller*, 291 NY 55, 62). Both victims were able to recount details of the incidents. The daughter offered a believable explanation for the discrepancy between her original report of the time frame of the incidents and the dates to which she testified (as charged), and for her delay in reporting defendant's crimes. Defendant's testimony denying the allegations and claiming that a medical condition precluded his commission of these crimes conflicted with the victims' accounts of the crimes, which created a credibility issue that was resolved by the jury in the victims' favor; we perceive no basis upon

which to disturb the jury's determination in that regard (*see, People v Bleakley, supra,* at 495; *People v Quinones,* 256 AD2d 634, 635, *lv denied* 93 NY2d 878; *see also, People v Cook,* 186 AD2d 879, 881, *supra*).

We find no error in County Court's determination that defense counsel's cross-examination of the son regarding a prior statement he had made involved a collateral issue. The court's determination to so limit the scope of cross-examination and this impeachment of the son's credibility reflected sound discretion, and we perceive no basis on this record upon which to disturb that ruling (*see, People v Hults,* 76 NY2d 190, 199; *People v Coleman,* 56 NY2d 269, 273). Notably, defense counsel did not argue that there was any inconsistency between the son's trial testimony and what the son allegedly said on a previous occasion regarding another child (*see, People v Duncan,* 46 NY2d 74, 80-81, *cert denied* 442 US 910).

County Court also did not err in ruling that, where defense counsel had already impeached the daughter on cross-examination regarding her original report of the time frame in which the criminal acts occurred, defendant could not call a social services investigator to testify for purposes of impeaching the daughter on this same issue. On cross-examination, this witness admitted that for a time she had been unable to recall the incidents, and that she had originally reported to the investigator a time frame for the crimes different from the one to which she testified and specified in the indictment. Thus, County Court did not abuse its discretion in this respect.

Finally, County Court providently exercised its discretion in denying defendant's requests for either an adjournment or an appearance warrant, based upon the unavailability of an 80-year-old subpoenaed defense witness, who had reportedly suffered a hip injury for which she had refused to seek medical care but who was willing to testify. The court properly denied defendant's request for a one-week adjournment based upon the absence of a showing that this witness would be available any time in the near future (*see, People v Foy,* 32 NY2d 473, 476; *see also, People v Singleton,* 41 NY2d 402, 405-406). The court justifiably concluded that this witness's testimony would be partially cumulative and denied defendant's request to issue a material witness order or to reconvene the trial at her residence. In our view, these rulings neither deprived defendant of a fair trial nor denied him the right to call witnesses on his own behalf.

We have reviewed defendant's remaining contentions and determined that none are meritorious.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.