■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN HEATH, Appellant. [894 NYS2d 139]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mullen, J.), rendered September 5, 2007, convicting him of robbery in the third degree (two counts), sexual abuse in the first degree (three counts), grand larceny in the fourth degree (four counts), criminal possession of stolen property in the fourth degree, theft of services, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of robbery in the third degree under count one is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]; *People v Finger*, 95 NY2d 894, 895 [2000]; *People v Moore*, 59 AD3d 742, 742-743 [2009]; *People v Laviscount*, 57 AD3d 1007, 1008 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Smith*, 79 NY2d 309, 314-315 [1992]; *People v Fabelo*, 211 AD2d 517, 517-518 [1995]; *People v Walton*, 171 AD2d 954, 954 [1991]; *People v McAllister*, 154 AD2d 402, 403 [1989]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to robbery in the third degree under count one was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Carter*, 305 AD2d 267 [2003]; *People v Magee*, 208 AD2d 977, 978-979 [1994]; *People v Frances*, 150 AD2d 602 [1989]).

Contrary to the defendant's contention, "[t]he outburst[ ] by the complaining witness did not provide a basis for the drastic remedy of a mistrial, since the jury is presumed to have followed the court's prompt and effective curative instructions" (*People v Forte*, 4 AD3d 123, 124 [2004]; *see People v Harp*, 20 AD3d 672, 673 [2005]; *People v Liguori*, 149 AD2d 624, 626 [1989]; *see generally People v Kennedy*, 27 NY2d 551, 553 [1970]; *People v Soto*, 133 AD2d 787, 787 [1987]; *People v Francis*, 123 AD2d 714, 715 [1986]).

The defendant also contends that a new trial is required because of a violation of the rule enunciated in *People v Trowbridge* (305 NY 471, 477 [1953]). However, in light of, among other factors, the unequivocal identification testimony given by the two complainants and the strong circumstantial evidence of the defendant's identity as the assailant, "the evidence of identification and of guilt [was] not only clear and strong, it [was] overwhelming" (*People v Mobley*, 56 NY2d 584, 586 [1982]; *see People v Johnson*, 57 NY2d 969, 970-971 [1982]; *People v Taylor*, 29 AD3d 713, 714 [2006]; *People v Stanley*, 185 AD2d 827, 828-829 [1992]; *People v Hawthorne*, 175 AD2d 880, 881 [1991], *mod* 80 NY2d 873 [1992]). Inasmuch as the evidence of the defendant's guilt, without reference to the alleged error, was overwhelming, and because there is no significant probability that the alleged error might have contributed to the defendant's conviction, any error was harmless beyond a reasonable doubt (*see People v Johnson*, 57 NY2d at 970-971; *People v German*, 45 AD3d 861, 862 [2007]; *People v Maggette*, 244 AD2d 575, 576 [1997]; *People v Brown*, 223 AD2d 720 [1996]). Santucci, J.P., Balkin, Eng and Chambers, JJ., concur.