Order of disposition, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about November 12, 2015, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of criminal sexual act in the third degree and sexual abuse in the third degree, and placed him with the Office of Children and Family Services for a period of 18 months in a limited secure facility, with credit for time served, unanimously affirmed, without costs.
 

 After weighing all the pertinent factors, we conclude that the court properly denied appellant’s motion to dismiss the petition, made on the ground that he was denied his constitutional right to a speedy trial (see Matter of Benjamin L., 92 NY2d 660 [1999]). The presentment agency provided a sufficient explanation for its delay (of less than 10 months) in filing the petition, the delay did not undermine the rehabilitative goal of this proceeding, and appellant has not demonstrated any prejudice.
 

 The court’s finding was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court’s credibility determinations. The evidence supports the conclusion that the sexual activity at issue occurred after the victim had plainly revoked any consent she may have given.
 

 Reliance on the rape shield law, as applicable to these proceedings, to limit inquiry into the victim’s sexual history was a provident exercise of the court’s discretion (see Family Ct Act § 344.4; Matter of Dakota EE., 209 AD2d 782 [3d Dept 1994]). The additional evidentiary ruling challenged on appeal was also a provident exercise of discretion. In any event, any error in either or both of these rulings would not warrant reversal.
 

 Concur — Acosta, P.J., Manzanet-Daniels, Gische, Kapnick and Kahn, JJ.