■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL V. WAGONER, Appellant. [651 NYS2d 668] —Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered June 29, 1995, convicting defendant upon his plea of guilty of the crime of criminally negligent homicide.

For his participation in a drag race in the Town of Coeymans, Albany County, on November 30, 1993 which resulted in the death of an innocent driver, defendant (born March 24, 1977) was indicted for manslaughter in the second degree, criminally negligent homicide and leaving the scene of an accident. Three months later, a second indictment was handed up against defendant charging him with 12 counts of petit larceny, four counts of criminal mischief in the third degree, one count of criminal mischief in the second degree and one count of criminal mischief in the fourth degree. These latter charges stem from allegations that defendant smashed six car windshields and stole numerous mailboxes by dislodging them from their fixtures in the Village of Ravena, Albany County, during the early morning hours of July 19, 1994.

Defendant pleaded guilty to criminally negligent homicide in satisfaction of these indictments. After being denied adjudication as a youthful offender, defendant was sentenced to a prison term of 1 to 3 years. On appeal, defendant contends that County Court erred in denying him youthful offender status.

Our review of the plea allocution reveals that defendant not only entered into the plea with the express understanding that he was not guaranteed youthful offender status, but also that he knowingly, intelligently and voluntarily waived his right to appeal. Defendant's challenge to County Court's refusal to grant him youthful offender status does not survive this valid waiver (*see, e.g., People v Kukavica*, 207 AD2d 968, *lv denied* 84 NY2d 937). In any event, the determination of youthful offender status is a matter within the sound discretion of the sentencing court and will not be disturbed where, as here, there was no clear abuse of such discretion (*see*, CPL 720.20 [1]).

Mercure, J. P., Crew III, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.