∎ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME GILMORE, Appellant. [677 NYS2d 806] —Mercure, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered October 11, 1996, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree, unlawful imprisonment in the

second degree, endangering the welfare of a child, rape in the third degree, sodomy in the third degree and sexual abuse in the third degree.

Defendant's convictions arise out of his acknowledged September 24, 1995 sexual contact with a 15-year-old female in a motel room in the City of Schenectady, Schenectady County. Defendant was indicted for (as relevant to this appeal) sexual abuse in the first degree, sodomy in the first degree and rape in the first degree as the result of his alleged forcible digital penetration of the victim's vagina and his forcible acts of cunnilingus and sexual intercourse. Convicted of rape in the first degree and sodomy in the first degree but acquitted of the charge of sexual abuse in the first degree, defendant now appeals, contending only that the jury's finding of forcible compulsion (*see*, Penal Law § 130.00 [8] [a], [b]; § 130.35 [1]; § 130.50 [1]) was against the weight of the evidence. We disagree and accordingly affirm.

At trial, the victim described the various sex acts perpetrated upon her by defendant and also testified that she repeatedly told defendant that she did not want to have sex with him, that she begged him to stop, that he overcame her physical resistance ("I tried to get away. I tried to move and back up. I tried to get away from him.") with his superior size and strength ("He was about twice my size.") by pinning down her body, shoulders and arms, and that she did not scream or attempt to scratch or bite him because she was afraid he would hurt her. In addition, the evidence showed that, upon leaving the motel room, the victim was visibly upset and "wasn't walking normal"; she accepted the aid of a passing motorist and told him that she had been raped. The incident was immediately reported to the police and medical examination disclosed the existence of a deep vaginal abrasion, which was felt to be more likely associated with force than with consensual sex. In view of the foregoing evidence and recognizing the jury's role in resolving credibility issues by virtue of its opportunity to view witnesses, hear testimony and observe demeanor (*see*, *People v Van Steenburg*, 221 AD2d 799, 801, *lv denied* 87 NY2d 978; *see also*, *People v Archer*, 232 AD2d 820, *lv denied* 89 NY2d 1087, 90 NY2d 938), we are satisfied that the guilty verdict was not against the weight of the evidence (*see*, *People v Ayala*, 236 AD2d 802, *lv denied* 90 NY2d 855; *People v Archer*, *supra*; *People v Sweezey*, 215 AD2d 910, 912-913, *lv denied* 85 NY2d 980; *People v Hodges*, 204 AD2d 739, *lv denied* 84 NY2d 868).

As a final matter, the jury's apparent conclusion that the

victim may have voluntarily succumbed to defendant's initial sexual advance, i.e., the touching which gave rise to the charge of sexual abuse in the first degree, by no means prevented them from finding that the subsequent acts of deviate sexual intercourse and sexual intercourse were accomplished by means of forcible compulsion.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.