THIRD DEPARTMENT, FEBRUARY, 2000

(February 3, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHANIE A. CONGDON, Appellant. [704 NYS2d 167] —Peters, J. Appeal from a judgment of the County Court of Montgomery County (Sise, J.), rendered September 17, 1997, convicting defendant upon her plea of guilty of the crime of burglary in the third degree.

Defendant waived indictment and pleaded guilty to a superior court information charging her with the crime of burglary in the third degree with the understanding that she would be sentenced to a prison term of 2 to 6 years and would not be granted youthful offender status. Nonetheless, at the time of sentencing, County Court permitted defense counsel to present certain alleged mitigating circumstances in support of defendant's claim that youthful offender status was warranted. Upon considering the relevant factors, County Court declined defendant's request for youthful offender treatment and sentenced her to the agreed-upon prison term. Defendant appeals.

We affirm. Given that defendant's guilty plea also included a waiver of her right to appeal, which the record reveals was knowingly, voluntarily and intelligently entered, defendant

has failed to preserve her present contention that County Court abused its discretion in failing to adjudicate her a youthful offender (*see, People v Allen*, 259 AD2d 835; *People v Fletcher*, 245 AD2d 978, 979). In any event, were we to consider defendant's argument, we would reject it as lacking in merit. Notwithstanding defendant's lack of a prior criminal history and her limited participation in the crime charged, given the serious nature of the crime, which involved the robbery and assault of three elderly sisters in their home, and defendant's understanding that she would not be adjudicated a youthful offender as part of the plea agreement (*see, People v Martin*, 254 AD2d 629; *People v Lloyd*, 249 AD2d 623), we find no abuse of discretion in County Court's denial of youthful offender status.

Cardona, P. J., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.