■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERENCE CRIPPEN, Also Known as TERRANCE CRIPPEN, Appellant. [728 NYS2d 107] —Appeal from a judgment of the County Court of Schenectady County (Tomlinson, J.), rendered May 26, 2000, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Pursuant to a plea bargain that included a waiver of his right to appeal, defendant entered a plea of guilty to the crime of criminal sale of a controlled substance in the third degree in satisfaction of two indictments against him, with the understanding that he would receive a sentence of $2^{1}/_{2}$ to $7^{1}/_{2}$ years in prison. Thereafter, a presentence investigation was conducted and the Probation Department recommended that defendant be adjudicated a youthful offender. At sentencing, defense counsel requested that, notwithstanding the plea agreement, County Court and the prosecutor consent to youthful offender treatment. The request was refused, the aforementioned sentence was imposed and this appeal ensued.

Initially, we note "the general rule that a defendant's challenge to the denial of a request for youthful offender treatment does not survive a valid waiver of the right to appeal" (*People v Harrington*, 281 AD2d 748; *see, People v Congdon*, 269 AD2d 615). We are unpersuaded by defendant's argument that the sentence was illegally imposed and that his challenge survives the waiver. Specifically, he contends that County Court failed to exercise its discretion by rejecting defendant's plea for leniency based solely on the plea agreement. Our review of the sentencing minutes satisfies us that the court did not reject defendant's request for youthful offender treatment based solely on the plea agreement. Instead, the court determined that, under the circumstances, the sentence which had been negotiated by the parties was an appropriate disposition. As such, defendant's challenge to the denial of youthful offender treatment does not survive the waiver of his right to appeal (*see, People v Wagoner*, 234 AD2d 831). Defendant's alternative argument, that his waiver of appeal should be vacated inasmuch as it was not knowingly, voluntarily and intelligently entered, is both unpreserved for review and lacking in merit (*see, People v Dopp*, 261 AD2d 715, 716). Accordingly, we perceive no basis to disturb the sentence imposed by County Court.

Cardona, P. J., Mercure, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.