(January 10, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE M. JACKSON, Appellant. [736 NYS2d 715] —Lahtinen, J. Appeals (1) from a judgment of the County Court of Broome County (Mathews, J.), rendered July 25, 1997, upon a verdict convicting defendant of the crimes of rape in the first degree and attempted rape in the first degree, and (2) by permission, from an order of said court, entered November 13, 1998, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was indicted by a grand jury for the crimes of rape in the first degree and attempted rape in the first degree. The charges stem from an incident on December 8, 1996 in the Village of Endicott, Broome County, wherein defendant at-

tempted to engage in sexual intercourse with the victim and thereafter did actually engage in sexual intercourse with her by forcible compulsion.

On the evening of December 7, 1996, the victim and her two-year-old son celebrated her birthday at a party at her mother's home. There she drank wine and, while walking the short distance to her apartment, felt sick and dizzy. Upon arriving home she called defendant, a friend and neighbor whom she trusted, and requested that he come over and watch her overtired and restless son until he went to sleep. After defendant arrived, the victim went into her bedroom and laid down on her bed, fully clothed, and fell asleep. She was awakened about 1:00 or 2:00 A.M. the next morning by defendant's attempted effort to have sexual intercourse with her. She thereafter tried to sit up but defendant held her down, and then succeeded in completing the act of sexual intercourse. The next day, she reported the incident to the police, who proceeded to question defendant and thereafter arrested him. The police obtained a search warrant for defendant's apartment and, in defendant's blue jeans, they found condoms of the similar brand and style as the opened wrapper recovered from the floor in the victim's bedroom.

Defendant was indicted, successfully moved to suppress the blue jeans in which the condoms were found, but then was convicted of both charges after a jury trial at which he did not testify. At sentencing, County Court denied defendant's motion to set aside the verdict (see, CPL 330.30) and thereafter sentenced defendant to an indeterminate term of imprisonment of 5 to 10 years on the rape conviction and a lesser concurrent sentence on the attempted rape conviction. Subsequent to his sentencing, defendant moved, pro se, to vacate his judgment of conviction pursuant to CPL 440.10, claiming that the court erred in its charge to the jury and he was denied his right to effective assistance of counsel. County Court denied the motion without a hearing. Defendant now appeals from his judgment of conviction and, by permission (see, CPL 450.15 [1]), from the summary denial of his CPL 440.10 motion.

Defendant first contends that the numerous errors of his defense counsel, if considered cumulatively, deprived him of effective representation in violation of the Federal and State Constitutions (see, People v Droz, 39 NY2d 457, 462). We disagree. Our review of the record reveals that defendant's counsel made appropriate pretrial motions, conducted a partially successful suppression hearing, made appropriate and often successful evidentiary objections during the trial and

pursued a cogent defense strategy throughout the case. Many of the alleged errors claimed by defendant are either legally unsupportable (defense counsel's failure to object to the prosecutor's statement that no corroboration of the rape was required [*see, People v Umber*, 260 AD2d 722, 722-723, *lv denied* 93 NY2d 1006]), factually incorrect (his contention that no *Sandoval* hearing was conducted), or harmless (defense counsel's error in stipulating to the admission of the rape kit in evidence even though there was no forensic evidence linking defendant to the rape). Consequently, on this record, we find defendant's counsel provided him with meaningful representation (*see*, NY Const, art I, § 6; *People v Baldi*, 54 NY2d 137, 147). Nor has defendant presented any facts which would constitute grounds for his claim of ineffective assistance of counsel under the two-pronged federal constitutional test set forth in *Strickland v Washington* (466 US 668). There is nothing in the record from which we could conclude "that [defense] counsel's performance was deficient and that [her allegedly deficient] performance prejudiced defendant" (*People v Ford*, 86 NY2d 397, 405).

Next, defendant claims that County Court erred by denying his motion to set aside the verdict because the People failed to prove forcible compulsion, an element of rape in the first degree (*see*, Penal Law § 130.00 [8]; § 130.35 [1]), beyond a reasonable doubt. In determining whether forcible compulsion was proven beyond a reasonable doubt, we focus on "the state of mind produced in the victim by the defendant's conduct" (*People v Thompson*, 72 NY2d 410, 416), not "what the defendant would or could have done" (*id.*, at 415). Here, the victim testified that she told defendant to leave her alone and to leave her apartment, that she tried to sit up and defendant held her where she was lying on the bed with his hand and forearm, and that she was petrified, scared for her own safety and welfare and worried about her son in the next room. We find this evidence sufficient to establish the element of forcible compulsion (*see, People v Gilmore*, 252 AD2d 742, 743, *lv denied* 92 NY2d 925; *Matter of Dakota EE.*, 209 AD2d 782, 782; *People v Wilson*, 192 AD2d 782, 783; *People v Cook*, 186 AD2d 879, 880, *lv denied* 81 NY2d 761). Any credibility issues created by the victim's testimony are for the jury to resolve, which it did in this instance in favor of the People, and its resolution is entitled to great deference by this Court (*see, People v Smith*, 272 AD2d 713, 716, *lv denied* 95 NY2d 871; *People v Gilmore, supra*, at 743; *see also, People v Holland*, 279 AD2d 645, 646, *lv denied* 96 NY2d 801).

Defendant's remaining arguments merit only brief comment.

His claim that County Court should not have submitted the rape and attempted rape counts to the jury because they could not be reconciled (*see,* CPL 300.40 [5]) misconstrues the proof in the record. The victim testified that she was awakened by defendant's attempt to penetrate her, he stopped and that a brief time later he did penetrate her, which supports a reasonable view of the evidence that he committed the separate crimes (*see, e.g., People v Myers,* 161 AD2d 808, 809). Finally, defendant opened the door to the admission of his 1979 robbery conviction by presenting evidence of his reputation and character in his defense case (*see,* CPL 60.40 [2]; *People v Jones,* 278 AD2d 246, 247, *lv denied* 96 NY2d 831; *People v Tuckerman,* 134 AD2d 732, 733).

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the judgment and order are affirmed.