■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY DEAN McKEE, Appellant. [749 NYS2d 337] —Peters, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered March 21, 2001, upon a verdict convicting defendant of the crimes of rape in the first degree, burglary in the second degree, attempted sodomy in the first degree and menacing in the second degree.

In the early evening hours of June 2, 2000, Jimmy Miller was at the home of the victim, age 67, watching television when defendant arrived. After defendant and Miller shared some beers, defendant went into the victim's bedroom and began rubbing her arm. When Miller asked defendant to leave, defendant displayed a firearm and pointed it at Miller's head. Thereafter, an argument ensued and eventually both Miller and defendant left in defendant's vehicle. Although Miller believed that they were going to a bar, defendant suddenly stopped his vehicle and ordered Miller to get out. Miller walked to a relative's home and reported the weapon offense to the police.

It is alleged that defendant returned to the victim's home, kicked in the door, dragged her into the bedroom and forcibly raped her. According to the victim, he attempted to engage her in deviate sexual intercourse, repeatedly hitting her when she refused. Ultimately, she was taken to Columbia Hospital and thereafter Sharon Hospital where she denied being raped and refused to undergo a "rape-kit" examination.

Following his arrest, defendant filed a pro se notice of intent to testify before the grand jury. Although transported to the courthouse for such purpose, he thereafter chose not to testify.

After a grand jury returned a five-count indictment charging him with the crimes of burglary in the second degree, rape in the first degree, attempted sodomy in the first degree, criminal mischief in the fourth degree and menacing in the second degree, defendant filed a habeas corpus petition alleging that he was improperly denied his right to testify before the grand jury; the requested relief was denied by Supreme Court (Connor, J.). After a jury trial in January 2001, defendant was convicted of burglary in the second degree, rape in the first degree, attempted sodomy in the first degree and menacing in the second degree. Defendant appeals.

With a failure to have filed a notice of appeal upon Supreme Court's denial of the writ of habeas corpus, we are precluded from now considering the issue of whether he was prohibited from testifying before the grand jury (see People v Mena-Coss, 210 AD2d 745, lv denied 86 NY2d 798). Were it properly preserved, there still would have been no viable contention of error. The record reveals that even though defendant's pro se notice of intent did not contain an address to which notice should be sent (see CPL 190.50), a transport order was entered directing the Columbia County Sheriff to deliver defendant to the courthouse for the grand jury session. After he was produced, his counsel indicated that he did not wish to testify.

As to defendant's assertion that County Court erred in denying his request to readdress the jury at the conclusion of opening statements, the record reflects that prior to trial, the People provided defense counsel with medical records concerning the victim's treatment at two hospitals. Yet, the condition of those materials failed to enable defense counsel to ascertain that treatment was received from two hospitals rather than one. When defense counsel gleaned such information from the People's opening statement and the testimony of two of its witnesses, he requested permission to readdress the jury upon the theory that the victim's refusal to accept treatment and care at both hospitals, along with her denial that she was sexually assaulted, was exculpatory material, newly discovered, which he should have been able to utilize if defendant was to receive a fair trial. While County Court did order that defense counsel be provided with a complete copy of both records, it refused to permit counsel to readdress the jury.

We agree that the evidence is clearly exculpatory and must be disclosed since it supports defendant's theory that the victim was not raped, but we do not find either the conduct of the prosecution or County Court to have deprived defendant of a fair trial. As we have repeatedly held, "[t]he failure to turn

over *Brady* material does not constitute reversible error where the defendant 'is given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his case' " (*People v Tessitore*, 178 AD2d 763, 764, *lv denied* 79 NY2d 1008, quoting *People v Cortijo*, 70 NY2d 868, 870). With the delay in disclosure failing to cause substantial prejudice to defendant, we find no reason to disturb County Court's determination (*see People v Ward*, 282 AD2d 819, *lv denied* 96 NY2d 942).

As to defendant's challenge to the testimony elicited from Norman Chapin, a licensed physician who opined that, based upon the victim's hospital records and photographs taken after the sexual encounter, the bruises and abrasions sustained by her were consistent with the application of force, we agree that such testimony is not admissible to prove that a sexual assault took place, but is permitted if it can " 'clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror' " (*People v Bennett*, 79 NY2d 464, 473, quoting *De Long v County of Erie*, 60 NY2d 296, 307). Here, we find the testimony to have been proffered to rebut defendant's assertion that the sexual encounter was consensual. With the admission of expert testimony left to the discretion of the trial court (*see People v Miller*, 91 NY2d 372, 379), we find no error.

Defendant also challenges the legal sufficiency of the evidence convicting him of the crimes of burglary, rape and attempted sodomy. Viewing the evidence in a light most favorable to the People (*see People v Contes*, 60 NY2d 620) and according appropriate deference to the jury's freedom to credit "any portion of the evidence it deems worthy of belief and reject the rest" (*People v Bradley*, 272 AD2d 635, 636), we find a valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by this jury on the basis of the evidence received at trial. This evidence, in our view, further satisfies, as a matter of law, both the proof and burden requirements for every element of the crimes charged (*see People v Bleakley*, 69 NY2d 490, 495).

While defendant testified that his sexual conduct with the victim was consensual, the victim testified to the contrary. The victim's testimony was corroborated by that of State Trooper Yvonne Boucher, who arrived at the victim's house shortly after the incident to interview her. Boucher described the victim's bruises, the condition of her garments, and the evidence supporting the theory of forcible entry into the home. This testimony, along with that from Chapin regarding the bruises

and injuries inflicted upon the victim that were consistent with nonconsensual sexual intercourse, provided, in our view, the requisite quantum of legally sufficient evidence to support the conviction (*see People v Thompson*, 72 NY2d 410, 413; *People v Gilmore*, 252 AD2d 742, 743, *lv denied* 92 NY2d 925).

Having considered and rejected, as without merit, defendant's remaining assertions that the accusatory instrument was fatally defective and that he was denied the effective assistance of counsel, the judgment is affirmed.

Mercure, J.P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.