■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYLER J. BOYCE, Appellant. [769 NYS2d 620]—

Peters, J. Appeal from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered October 7, 2002, upon a verdict convicting defendant of the crimes of sodomy in the first degree (four counts) and sexual abuse in the first degree (nine counts).

Defendant was charged in a 19-count indictment with sodomy and sexual abuse after an eight-year-old victim alleged that he was molested several times between August 11, 2001 and August 15, 2001. Following a jury trial, defendant was convicted of nine counts of sexual abuse in the first degree and four counts of sodomy in the first degree. County Court denied defendant's request for youthful offender treatment and sentenced him to concurrent prison terms of seven years for each count of sodomy in the first degree and three years for each count of sexual abuse in the first degree. Defendant appeals.

Defendant contends that his convictions are not supported by legally sufficient evidence and that the verdict was against the weight of the evidence. Viewing the evidence in a light most favorable to the People, we conclude that there is a valid line of reasoning which could lead a rational trier of fact to find that the elements of the crimes for which defendant was convicted were proven beyond a reasonable doubt (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Contes*, 60 NY2d 620, 621 [1983]). Defendant's legal sufficiency challenge is that identical acts of sexual abuse or sodomy, occurring in sequence within a short period of time, must be considered one continuous act. We disagree. The victim, eight years old at the time of the alleged crimes, unequivocally testified to separate acts committed by defendant over the time frame in question. From this evidence, the jury could have found that the crimes of sexual abuse in the first degree and sodomy in the first degree had been proven beyond a reasonable doubt. Furthermore, according significant deference to the jury's opportunity to view the witnesses, hear their testimony and observe their demeanor, we cannot conclude that it failed to accord appropriate weight to the evidence pre-

sented (*see People v Black*, 304 AD2d 905, 907 [2003], *lv denied* 100 NY2d 578 [2003]). The testimony of defendant and the witnesses called on his behalf concerning his lack of criminal conduct, the child's motive to fabricate and the physical layout of the premises simply created credibility issues for the jury to resolve. Since defendant was found guilty of some, but not all, of the charges in the indictment, it is evident that the jury assessed the credibility of the witnesses and weighed the evidence (*see People v Soulia*, 263 AD2d 869 [1999], *lv denied* 94 NY2d 829 [1999]).

Also without merit are those assertions regarding preindictment and pretrial delay (*see People v Taranovich*, 37 NY2d 442 [1975]; *People v Staton*, 297 AD2d 876 [2002], *lv denied* 99 NY2d 565 [2002]), including prejudice as a result of a delay in the disclosure of medical evidence concerning the absence of physical trauma to the victim. Assuming, without deciding, that the materials constituted exculpatory evidence, defendant was provided with a meaningful opportunity to review the documents before trial and use them upon cross-examination (*see People v McKee*, 299 AD2d 575, 577 [2002]).

Defendant's challenges to the jury charge, the supplemental instructions, the verdict sheet and the jury deliberations are similarly without merit. The charge concerning variance in time does, however, merit brief discussion. At trial, there was an obvious discrepancy between the testimony of the prosecution's witnesses and those of the defense relating to the dates that the victim stayed in defendant's home. While the prosecution alleged that the crimes occurred during a four-night stay, defendant asserted that the victim was only there for two nights. As the precise time and date of the crimes were not substantive elements of the offenses charged, County Court properly gave a variance as to time charge (*see* 1 CJI[NY] 8.01, at 376). With defendant unable to point to any prejudice resulting from the court's charge, and mindful that the jury acquitted defendant of three counts of sexual abuse in the first degree and one count of sodomy in the first degree, we find no grounds for reversal (*see People v Owens*, 63 NY2d 824, 826 [1984]; *People v Kilgore*, 168 AD2d 830, 831 [1990], *lv denied* 77 NY2d 962 [1991]).

Nor do we find that defendant was denied the effective assistance of counsel. Viewing the evidence, law and circumstances of this case "in totality and as of the time of the representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]), counsel presented cogent opening and closing statements, an aggressive cross-examination and adhered to a plausible strategy. For these reasons, we conclude that defendant was not deprived of a fair trial (*see People v Wright*, 297 AD2d 875, 875 [2002]).

Turning to the denial of youthful offender status, the decision to grant such status rests in the sound discretion of the sentencing court. Absent a clear abuse of that discretion, it will remain undisturbed (*see* CPL 720.20; *People v Ferguson*, 285 AD2d 901, 901 [2001], *lv denied* 96 NY2d 939 [2001]). With County Court properly considering defendant's age, his criminal history, the relevant circumstances of the crime (including purported mitigating factors) and his repeated violation of an eight-year-old boy's trust, no clear abuse of discretion can be found (*see People v Congdon*, 269 AD2d 615, 616 [2000]).

We have reviewed the remaining issues raised by defendant and find them either unpreserved or lacking in merit. As to those deemed unpreserved, were they to be considered, we would find them unmeritorious.

Cardona, P.J., Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.