Lahtinen, J.P.
Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered July 6, 2010, upon a verdict convicting defendant of the crimes of rape in the first degree and criminal trespass in the second degree.
Defendant entered, without permission, the unlocked home of *1038 his former girlfriend’s father. His former girlfriend (hereinafter the victim) was there alone and, after talking with her for about half an hour, he allegedly forced her to engage in sexual intercourse with him. The victim reported the incident to police five days later and she then attempted to elicit inculpatory statements from defendant in a phone conversation that was monitored and recorded by police. Defendant was arrested, read his Miranda rights, and questioned by police in a video-recorded session that lasted a little over an hour, and terminated when defendant invoked his right to counsel. Defendant was indicted on one count of rape in the first degree and one count of criminal trespass in the second degree. He moved to suppress, among other things, statements that he had made during the video-recorded questioning by police. County Court denied defendant’s suppression motion following a Huntley hearing. A jury trial ensued and resulted in defendant’s conviction on both counts. He was sentenced to 10 years in prison together with postrelease supervision on the rape conviction, and a concurrent term of one year for criminal trespass. Defendant appeals.
We affirm. Defendant contends that his conviction of rape in the first degree is not supported by legally sufficient evidence and is against the weight of the evidence. Defendant failed to preserve the legal sufficiency argument with an appropriate objection at trial (see People v Finger, 95 NY2d 894, 895 [2000]; People v Adamek, 69 AD3d 979, 980 [2010], lv denied 14 NY3d 797 [2010]). “However, we necessarily review the evidence adduced as to each of the elements of the crime[ ] in the context of our review of defendant’s challenge regarding the weight of the evidence, and there is no preservation requirement for weight of the evidence review” (People v Mann, 63 AD3d 1372, 1373 [2009], lv denied 13 NY3d 861 [2009] [internal quotation marks and citations omitted]; see People v Townsend, 94 AD3d 1330, 1330 n 1 [2012], lv denied 19 NY3d 1105 [2012]). A different verdict would not have been unreasonable and, thus, in our weight of the evidence review we “must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony” (People v Bleakley, 69 NY2d 490, 495 [1987] [internal quotation marks and citation omitted]; see People v Romero, 7 NY3d 633, 643 [2006]). “[D]eference is accorded to the fact-finder’s opportunity to view the witnesses, hear the testimony and observe demeanor” (People v Bleakley, 69 NY2d at 495; see People v Lopez-Aguilar, 64 AD3d 1037, 1037 [2009], lv dismissed 13 NY3d 940 [2010]).
The victim testified that, although she and defendant had *1039 previously cohabitated, she had ended the romantic aspect of their relationship approximately two months earlier. Defendant arrived uninvited at her father’s trailer, where the victim was alone, and he walked in without permission. She asked him to leave, but he reportedly refused and eventually began kissing and touching her. The victim explained that she repeatedly told him to leave and she moved away from him. Defendant, who was 21 years old, 6 feet 2 or 3 inches tall and weighed 180 to 190 pounds, attempted to move on top of the victim, who was 19 years old, 5 feet 5 or 6 inches tall and weighed 120 to 125 pounds. She recalled that he was forcing himself on her and that she continued to resist physically and verbally. He started unbuttoning her pants, she struggled to rebutton them, he managed to unbutton and remove them, quickly removed his own pants and then got on top of her. The victim indicated that she tried to push defendant away, but was unable to because of his greater size and strength. He penetrated her and, according to the victim, she started screaming and crying, telling him to stop. She related that defendant stopped, apologized, retrieved a compact disk containing music from his vehicle and remained at the trailer for up to an hour.
Defendant attempted to undermine the victim’s credibility by, among other things, bringing out evidence of her delay in reporting the incident and her failure to mention it to a health care provider she visited for a routine visit two days after the incident. The recorded phone call that the victim made to defendant, while not containing a direct admission, included defendant not denying the victim’s statements to him that he had forced himself on her and raped her. The video-recorded police interview of defendant, in which he denied the alleged conduct but also made some inconsistent inculpatory comments, is, in our view, of little value in the overall weight of the proof.
Nonetheless, it is clear that the jury found the victim to be a credible witness. Her testimony provided sufficient proof of forcible compulsion (see People v Val, 38 AD3d 928, 929 [2007], lv denied 9 NY3d 852 [2007]; People v Plaisted, 2 AD3d 906, 907 [2003], lv denied 2 NY3d 744 [2004]), as well as the other elements of rape in the first degree. We find no reason to disregard the jury’s credibility determination. Upon weighing and considering all the evidence in the record, we are unpersuaded that the verdict was against the weight of the evidence.
County Court did not err in denying defendant’s motion to suppress statements he made during the video-recorded police interview. He was given Miranda warnings before the questioning began, he elected to talk to the police, and the interview *1040 ceased once he invoked his right to counsel. The various tactics used by police during their questioning did not overbear defendant’s will or create a substantial risk that he would falsely incriminate himself (see People v Spencer, 16 AD3d 918, 919 [2005], lv denied 5 NY3d 770 [2005]; People v Lyons, 4 AD3d 549, 552 [2004]; People v Huntley, 259 AD2d 843, 845-846 [1999], lv denied 93 NY2d 972 [1999]).
Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.