*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 5, 2015                    105583
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

MICHAEL LUCKETTE,
                    Appellant.
_____

Calendar Date:  January 16, 2015

Before:  Lahtinen, J.P., Egan Jr., Lynch and Devine, JJ.

_____

        Richard E. Cantwell, Plattsburgh, for appellant.

        Kathleen B. Hogan, District Attorney, Lake George (Emilee
B. Davenport of counsel), for respondent.

_____

Lynch, J.

        Appeal from a judgment of the County Court of Franklin
County (Rogers, J.), rendered December 11, 2012, upon a verdict
convicting defendant of the crime of rape in the first degree.

        In June 2011, when the victim was 17 years old, she and a
friend went to defendant's apartment in the Village of Malone,
Franklin County, where they drank beer with defendant and snorted
adderall.  After some time, the friend left the apartment and the
victim and defendant were alone.  When the friend returned later
that evening, the victim told her that defendant had "forced
himself on her."  The victim went to the police and, thereafter,
defendant was indicted on the charge of rape in the first degree.
Following a jury trial, defendant was convicted as charged and
sentenced to an eight-year prison term to be followed by a

10-year period of postrelease supervision.  Defendant now appeals and we affirm.

Defendant contends that the conviction was not supported by legally sufficient evidence.  While we find that defendant's legal sufficiency argument was not preserved by his general motion to dismiss at trial (see People v Finger, 95 NY2d 894, 895 [2000]; People v Tompkins, 107 AD3d 1037, 1038 [2013], lv denied 22 NY3d 1044 [2013]), defendant also contends that the verdict was against the weight of the evidence.  As to this latter challenge, for which there is no preservation requirement, we necessarily consider and review the evidence presented as to each element of the crime charged (see People v Danielson, 9 NY3d 342, 349 [2007]; People v Tompkins, 107 AD3d at 1038).

As relevant to this appeal, a defendant is guilty of rape in the first degree when he or she engages in sexual intercourse with another person by forcible compulsion (see Penal Law § 130.35 [1]) and "'forcible compulsion' means to compel by . . . use of physical force" (Penal Law § 130.00 [8] [a]).  At trial, the victim testified that once she was alone with defendant, her body felt "heavy" from the drugs and alcohol.  She recalled that defendant grabbed her wrist and pulled her into a bedroom and that, as she continued to tell him she "didn't want it," defendant pushed her onto the bed, got on top of her, and proceeded to engage in certain sexual contact, including vaginal intercourse.  According to the victim, she continued to protest during the entire event and tried to push him off her and to get away, but defendant was holding her hands above her head.  The police officer who took a statement from defendant testified that defendant admitted that the victim had told him to stop, but that he believed that she did not mean it.  Similarly, during his testimony at trial, defendant testified that he did have vaginal intercourse with the victim, but that the event was consensual. He conceded, however, that he had testified before the grand jury that the victim told him "no."

In our view, while a different result would not have been unreasonable (see People v Danielson, 9 NY3d at 348), the evidence at trial was sufficient to establish the forcible compulsion element of rape in the first degree (see Penal Law

§§ 130.35 [1]; 130.00 [8]).  Notably, "forcible compulsion is not synonymous with violence" (People v Peraza, 288 AD2d 689, 691 [2001], lv denied 97 NY2d 707 [2002]), and it was not necessary for the People to prove that the victim suffered lasting physical injury or emotional trauma in order for the jury to find that defendant committed the crime of rape in the first degree (see id.; People v Cook, 186 AD2d 879, 880 [1992], lv denied 81 NY2d 761 [1992]).  The conflicting testimony, which was explored during the trial, presented credibility issues for the jury to resolve, and we accord great deference to the jury's opportunity to hear the witnesses and observe their demeanor (see People v Desmond, 118 AD3d 1131, 1133 [2014], lv denied 24 NY3d 1002 [2014]; People v Jackson, 290 AD2d 644, 646 [2002], lv denied 98 NY2d 711 [2002]).  When reviewing a challenge to the weight of the evidence, we do not consider what the victim could or should have done (see People v Jackson, 290 AD2d at 646).  We are not persuaded that it was impossible for defendant to restrain the victim, and it is apparent that the jury found the victim to be credible.  In our view, her testimony was sufficient to establish proof that defendant forcibly compelled the victim to engage in vaginal intercourse (see People v Tompkins, 107 AD3d at 1039; People v Cook, 186 AD2d at 881).

We reject defendant's argument that his sentence should be reduced in the interest of justice.  Generally, this Court will not reduce a sentence in the interest of justice absent extraordinary circumstances or an abuse of discretion by the trial court (see People v Delgado, 80 NY2d 780, 783 [1992]; People v Gassner, 118 AD3d 1221, 1121-1122 [2014], lv denied 23 NY3d 1062 [2014]).  Here, County Court could have imposed a sentence of up to 25 years in prison (see Penal Law § 70.02 [2] [a]; [3] [a]).  Although the court noted at sentencing that defendant held the victim's shoulders during the event rather than, as stated, her hands, the evidence presented supported the jury's verdict, and we discern no basis to modify the sentence imposed (see People v Lancaster, 121 AD3d 1301, 1304 [2014], lv denied ___ NY3d ___ [Jan. 20, 2015]; People v Warner, 110 AD3d 1339, 1340 [2013], lv denied 22 NY3d 1091 [2014]).

Lahtinen, J.P., Egan Jr. and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court