## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  April 7, 2016                    106576
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                      MEMORANDUM AND ORDER

ABEL J. MELENDEZ,
                        Appellant.
_____


Calendar Date:  February 18, 2016

Before:  Peters, P.J., Garry, Rose and Devine, JJ.

_____

        Sandra M. Colatosti, Albany, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

_____


Peters, P.J.

        Appeal from a judgment of the County Court of Schenectady County (Catena, J.), rendered May 2, 2012, upon a verdict convicting defendant of the crimes of rape in the first degree and petit larceny.

        The victim was walking on a city street in Schenectady County during the early morning hours of October 16, 2010 when defendant approached her on a bicycle.  He attempted to converse with her, continued to follow her and eventually pushed her off the sidewalk up a hill and onto a picnic table.  He then allegedly forced her to have sexual intercourse with him and took her cell phone as he fled.  Upon his indictment for rape in the first degree and robbery in the third degree, a jury trial ensued resulting in a verdict of guilty of rape in the first degree and

petit larceny as a lesser included offense of the robbery count. Defendant was sentenced to an aggregate prison term of 20 years together with postrelease supervision and directed to pay $450 in restitution. He appeals.

Focusing primarily on the element of forcible compulsion, defendant argues that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. "[T]he element of forcible compulsion is examined through the state of mind produced in the victim, and relevant factors include the age of the victim, the relative size and strength of the defendant and victim, and the nature of the defendant's relationship to the victim" (People v Sehn, 295 AD2d 749, 750 [2002], lv denied 98 NY2d 732 [2002] [internal quotation marks and citations omitted]; accord People v Lancaster, 121 AD3d 1301, 1303 [2014], lv denied 24 NY3d 1121 [2015]).

Proof at trial included testimony by the victim, who at the time of the incident was a 21-year-old student home from college for a short visit. After meeting some friends for drinks, she decided to walk home and, while doing so, defendant began riding a bicycle next to her and talking to her. The victim did not know defendant, his presence made her uncomfortable and she ultimately attempted to run the rest of the way home, but she became winded and stopped. Defendant then grabbed her shoulders and pushed her off the street and onto a picnic table. Although the victim struggled to get away, she was unable to free herself from the strength of his grip. As she continued to attempt to fight him off, he grabbed her around the neck; the victim explained that the more she fought, the more pressure he applied, causing her to have trouble breathing. Defendant's anger and intensity increased and, unable to free herself and fearing "something worse" might happen, the victim stopped fighting as defendant penetrated her while keeping his hand on her neck. Defendant then fled and the victim — disheveled and crying hysterically — made it home where she told her mother that she had been raped. Her mother immediately called the police. The investigation eventually led the police to defendant and, although his statements were not consistent, he acknowledged sexual intercourse with the victim, but claimed in one of his statements that she did not say "no" until after sexual

intercourse had commenced. Viewed in the light most favorable to the People (see People v Danielson, 9 NY3d 342, 349 [2007]), there is legally sufficient evidence of forcible compulsion, as well as the remaining elements of rape in the first degree (see People v Blackman, 90 AD3d 1304, 1306-1307 [2011], lv denied 19 NY3d 971 [2012]; People v McKee, 299 AD2d 575, 577 [2002], lv denied 100 NY2d 596 [2003]).

With respect to the weight of the evidence, a different verdict would not have been unreasonable given defendant's indication in one of his statements that the sex was consensual, as well as his contention that the victim should have had more severe bruising if the attack had occurred as she described. Nonetheless, these issues turned in large measure on credibility determinations, and we discern no reason to depart from the jury's resolution of those matters (see People v McCray, 102 AD3d 1000, 1004 [2013], affd 23 NY3d 193 [2014]; People v Mitchell, 57 AD3d 1308, 1309 [2008]; People v Littebrant, 55 AD3d 1151, 1155 [2008], lv denied 12 NY3d 818 [2009]). Nor is the jury's acquittal on the robbery charge inconsistent with a finding of force in the rape given that, among other things, defendant's own statement reflects that he removed the phone from the victim's purse as he was leaving the scene following the sexual encounter where force had been employed.[1] After independently weighing the evidence and considering it in a neutral light, we are unpersuaded that the verdict was against the weight of the evidence (see People v Hadfield, 119 AD3d 1224, 1226 [2014], lv denied 24 NY3d 1002 [2014]; People v Hoppe, 96 AD3d 1157, 1159-1160 [2012], lv denied 19 NY3d 1026 [2012]).

Defendant also asserts that the prosecutor improperly shifted the burden to him by remarks during summation that the victim's testimony regarding consent was uncontradicted and that

---

[1] We further observe that defendant does not contend that the verdict is repugnant and, "[i]n such a situation, the Court of Appeals has noted that 'it is imprudent to speculate concerning the factual determinations that underlay the verdict'" (People v Henry, 129 AD3d 1334, 1334 [2015], lv denied 26 NY3d 930 [2015], quoting People v Horne, 97 NY2d 404, 413 [2002]).

defendant's attorney was the only person claiming that consensual sex had occurred.  Shortly after the comment, County Court interjected a curative instruction and the prosecutor then clarified to the jury that she was comparing defendant's written statement to the victim's testimony regarding consent.  Viewing the prosecutor's comment in the context of the entire summation and noting County Court's prompt curative instruction, we find no reversible error (see People v Mitchell, 129 AD3d 1319, 1321 [2015], lv denied 26 NY3d 1041 [2015]; People v Hatchcock, 96 AD3d 1082, 1085 [2012], lv denied 19 NY3d 997 [2012]; People v Hathaway, 159 AD2d 748, 752 [1990]).

Finally, defendant's challenge to the $450 restitution awarded by County Court is not preserved for review since he failed to request a hearing and did not otherwise object to such amount at sentencing (see People v Bethea, 133 AD3d 1033, 1034 [2015]; People v Bressard, 112 AD3d 988, 989 [2013], lv denied 22 NY3d 1137 [2014]).

Garry, Rose and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court