*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 21, 2016                    106786
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

WAN TU ACKERMAN,
                        Appellant.
_____


Calendar Date:  May 27, 2016

Before:  McCarthy, J.P., Rose, Devine, Clark and Aarons, JJ.

                        _____


        Matthew C. Hug, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Brittany L.
Grome of counsel), for respondent.

                        _____


Aarons, J.

        Appeal from a judgment of the County Court of Albany County
(Lynch, J.), rendered May 1, 2014, upon a verdict convicting
defendant of the crime of attempted rape in the first degree.

        In a single-count indictment, defendant was charged with
attempted rape in the first degree.  While defendant's first
trial resulted in a mistrial, he was subsequently convicted after
a second trial.  County Court thereafter sentenced defendant, as
a second felony offender, to a prison term of seven years
followed by 15 years of postrelease supervision.  Defendant
appeals.  We affirm.

        Defendant initially contends that the evidence was legally
insufficient to support the conviction because the People failed

to prove the element of forcible compulsion.  As defendant's motion to dismiss made at the close of the People's proof did not rely on this specific ground in seeking dismissal, this contention is unpreserved for review (see People v Newkirk, 75 AD3d 853, 855 [2010], lv denied 16 NY3d 834 [2011]).  In light of defendant's further contention that the verdict was against the weight of the evidence, which is not subject to preservation requirements (see People v Tompkins, 107 AD3d 1037, 1038 [2013], lv denied 22 NY3d 1044 [2013]), we review the evidence adduced as to each element of the crime for which defendant was convicted (see People v Danielson, 9 NY3d 342, 349 [2007]).  Inasmuch as a contrary verdict would not have been unreasonable, we "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Romero, 7 NY3d 633, 643 [2006] [internal quotation marks and citations omitted]; see People v Hoppe, 96 AD3d 1157, 1158 [2012], lv denied 19 NY3d 1026 [2012]; People v Plaisted, 2 AD3d 906, 907-908 [2003], lv denied 2 NY3d 744 [2004]).

The evidence at trial reveals that after a night of socializing, the victim invited a friend and defendant, with whom she had a prior casual sexual relationship, to her apartment where they had more alcoholic drinks and played cards.  In the early morning, defendant eventually fell asleep on a couch in the living room.  The victim changed into her pajamas and went to sleep in her bedroom.  She then woke up naked with defendant lying on top of her.  The victim testified that she was lying face down on her stomach but felt pressure on the back of her neck and legs.  She also felt that her legs were being pried apart and that defendant tried to engage in sexual intercourse. The victim testified that she could not get up because defendant was still on top of her and holding the back of her neck.  In response to the victim's resistence and escalating protestations, defendant told her to "stop[,] . . . there [are] kids here."[1] According to the victim, these words made her feel "afraid" and "scared" and she did not want to alarm the children in the

---

[1]  The victim lived in her apartment with her cousin and her cousin's children.

apartment. Defendant was ultimately unsuccessful in penetrating the victim's vagina.

Upon our independent review of the evidence, including the presence of semen on the victim's bed sheet and pajamas, which was linked to defendant through DNA testing, we find that the verdict was supported by the weight of the evidence (see People v Nehma, 101 AD3d 1170, 1170-1171 [2012]; People v Texidor, 71 AD3d 1190, 1192-1193 [2010], lv denied 14 NY3d 893 [2010]; People v Jackson, 290 AD2d 644, 646 [2002], lv denied 98 NY2d 711 [2002]). We disagree with defendant that the victim's testimony about the incident in the instant trial materially differed from her testimony given at the first trial, and, to the extent that any inconsistencies existed, they presented a credibility issue for the jury's assessment (see People v Brabham, 126 AD3d 1040, 1043 [2015], lvs denied 25 NY3d 1160, 1171 [2015]; People v Izzo, 104 AD3d 964, 966-967 [2013], lv denied 21 NY3d 1005 [2013]). Defendant's argument that the victim was unworthy of belief due to her history of lying and a prior criminal conviction likewise pertains to her credibility for the jury to resolve (see People v Blackman, 90 AD3d 1304, 1308 [2011], lv denied 19 NY3d 971 [2012]). According deference to the jury's credibility determinations, we cannot conclude that the verdict was contrary to the weight the evidence (see People v Hoppe, 96 AD3d at 1160; People v Newkirk, 75 AD3d at 855-856).

We also reject defendant's claim that he received the ineffective assistance of counsel. Defendant's complaints that his counsel failed to object to the admissibility of the DNA evidence or to request attempted rape in the third degree as a lesser included charge concern trial strategies which, on this record, do not rise to the level of ineffective assistance of counsel (see People v Briskin, 125 AD3d 1113, 1122 [2015], lv denied 25 NY3d 1069 [2015]). Similarly, the failure of defense counsel to request an intoxication charge does not amount to ineffective assistance inasmuch as this charge would have been inconsistent with the defense theory that there was no sexual contact with the victim (see People v Van Ness, 43 AD3d 553, 555 [2007], lv denied 9 NY3d 965 [2007]). Defendant's remaining arguments on this issue are either belied by the record or without merit. Where, as here, defense counsel vigorously cross-

examined the People's forensic expert, as well as other witnesses, and called a witness on defendant's behalf, we conclude that defendant received meaningful representation (see People v McCloud, 121 AD3d 1286, 1291 [2014], lv denied 25 NY3d 1167 [2015]; People v Jones, 101 AD3d 1241, 1243 [2012], lv denied 21 NY3d 944 [2013]; People v Fuller, 50 AD3d 1171, 1176-1177 [2008], lv denied 11 NY3d 788 [2008]).

Finally, we disagree with defendant's assertion that the sentence was harsh and excessive. County Court did not impose the maximum permissible sentence (see Penal Law § 70.06 [6] [b]), and, considering defendant's prior criminal history, we see no abuse of discretion or the existence of extraordinary circumstances warranting a reduction of defendant's sentence in the interest of justice (see People v Dean, 122 AD3d 1004, 1005 [2014]; People v Masters, 36 AD3d 959, 960-961 [2007], lv denied, 8 NY3d 925 [2007]).

McCarthy, J.P., Rose, Devine and Clark, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court