People v McClenos (2019 NY Slip Op 03849)





People v Mcclenos


2019 NY Slip Op 03849


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

109777

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ANDRE McCLENOS, Appellant.

Calendar Date: March 21, 2019

Before: Garry, P.J., Mulvey, Devine and Rumsey, JJ.


Theodore J. Stein, Woodstock, for appellant, and appellant pro se.
Mary Pat Donnelly, District Attorney, Troy (Jacob B. Sher of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the County Court of Rensselaer County (Ceresia, J.), rendered September 29, 2016, upon a verdict convicting defendant of the crime of sexual abuse in the first degree.
Defendant was charged in an indictment with various offenses after evidence emerged that he had sexually assaulted an intellectually disabled woman in the City of Troy, Rensselaer County. Following a jury trial, he was convicted of sexual abuse in the first degree. County Court sentenced defendant to seven years in prison, to be followed by 10 years of postrelease supervision, and he now appeals.
We affirm. In order to establish the crime of sexual abuse in the first degree, the People were required to demonstrate that defendant subjected another person to sexual contact "[b]y forcible compulsion" (Penal Law § 130.65 [1]; see Penal Law § 130.00 [8]; People v Hartle, 159 AD3d 1149, 1151 [2018], lv denied 31 NY3d 1082 [2018]). The trial testimony of both defendant and the victim, the findings from a sexual assault examination of the victim and DNA evidence recovered from her body left no doubt that defendant had sexual contact with the victim (see Penal Law § 130.00 [3]). Defendant asserts that the sexual contact did not result from forcible compulsion, however, and that the jury's finding to the contrary was not supported by legally sufficient proof and was against the weight of the evidence. The legal sufficiency argument is unpreserved due to defendant's failure to specifically attack the proof of forcible compulsion in his trial motion to dismiss but, "in conducting our weight of the evidence review, we must determine whether each element of the crime[] for which defendant was convicted was proven beyond a reasonable doubt" (People v Vega, 170 AD3d 1266, 1267 [2019]; see People v Taylor, 163 AD3d 1275, 1276 [2018], lv denied 32 NY3d 1068 [2018]).
The victim here cannot live independently due to an intellectual disability, but works and volunteers in the community and is capable of using public transportation by herself. She testified that she was waiting for a bus to return home from volunteer work when she was [*2]approached by a man that she did not know. Defendant disputed how this interaction unfolded, but acknowledged that he was the man in question. According to the victim, defendant offered her money and gave her his phone number, conduct that made her uncomfortable and afraid. Defendant then grabbed her hand and led her, over her protestations, to a wooded area. There, he forced her onto the ground, removed her clothing and subjected her to sexual contact that included rape. She remained frightened and told him to stop, but he did not do so and pinned her down until he was finished. He then left, after which the victim caught a bus home. The victim's sister confirmed in her testimony that the victim was late in coming home and that, when she did arrive, she appeared frightened, had vegetation in her hair and on her clothing, and was not wearing her underwear. The victim's sister called the police and, after brief questioning, the victim stated that she had been raped. The victim also complained of pain when she underwent a subsequent sexual assault examination, and the examination itself revealed injuries to her genitalia and bleeding that were consistent with penetration of some sort.
The foregoing shows aggressive, intimidating behavior by defendant toward an intellectually impaired, fearful and objecting stranger that easily constitutes forcible compulsion, notwithstanding the absence of more extreme violence and the victim's failure to cry out to bystanders for help (see People v Hartle, 159 AD3d at 1152; People v Melendez, 138 AD3d 1159, 1160 [2016], lv denied 27 NY3d 1136 [2016]; People v Luckette, 126 AD3d 1044, 1045-1046 [2015], lv denied 26 NY3d 1110 [2016]; People v Scanlon, 52 AD3d 1035, 1038 [2008], lv denied 11 NY3d 741 [2008]). Defendant responded with his own account of a consensual encounter with the victim, and he assailed the victim's credibility with, among other things, the inconsistencies in her account over time, her psychiatric issues and her history of being an unreliable narrator. The jury presumably took those issues into consideration when it acquitted defendant on rape charges related to the incident, but also credited the victim's core claim that defendant had subjected her to some sexual contact by forcible compulsion. We accord deference to that credibility assessment and, after independently weighing the conflicting proof in a neutral light, cannot say that the jury's verdict was against the weight of the evidence (see People v Melendez, 138 AD3d at 1161; People v Luckette, 126 AD3d at 1046).
Defendant's remaining challenges are unavailing. His attack upon the jury instruction on the elements of sexual abuse in the first degree is unpreserved for our review, as he failed to raise any objection to the instruction at trial (see CPL 470.05 [2]; People v Van Alphen, 167 AD3d 1076, 1079 [2018], lv denied 32 NY3d 1210 [2019]; People v Gray, 151 AD3d 1470, 1475 [2017], lv denied 30 NY3d 949 [2017], cert denied ___ US ___, 138 S Ct 1295 [2018]). In any event, we perceive no deficiency in an instruction that "closely paralleled the pattern jury charge" (People v Kuykendall, 43 AD3d 493, 495 [2007], lv denied 9 NY3d 1007 [2007]; see CJI2d[NY] Penal Law § 130.65 [1]). Defendant lastly raises contentions in his pro se supplemental brief of purported prosecutorial misconduct that are either unpreserved or precluded and, regardless, did not "deprive defendant of due process or a fair trial" so as to warrant "corrective action in the interest of justice" (People v Cortese, 79 AD3d 1281, 1283 [2010], lv denied 16 NY3d 857 [2011]; see CPL 470.15 [3] [c]; People v Morin, 192 AD2d 791, 791-792 [1993], lv denied 81 NY2d 1077 [1993]).
Garry, P.J., Mulvey, and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.